# CHARLESTON.

## POLSLEY & SON *v.* ANDERSON.

### February 25, 1874.

1874.
January Term.

P. & Son, attorneys, contract, in writing, with L. as follows: "It is agreed that P. & Son are to receive one hundred dollars certain and if the suit (referred to and mentioned in the agreement) is decided in favor of L. then P. & Son are to receive two hundred dollars, making three hundred in all."

P. & Son bring an action of assumpsit, setting forth the agreement and alleging that L. dismissed said suit without their consent and thereby hindered P. & Son from prosecuting said suit to a final decision, although plaintiffs were willing and ready so to do. The declaration also contains the common counts for work and labor, and upon an account stated.—HELD:

1. Upon a demurrer to the declaration, and to each count thereof, the same are sufficient.

2. That P. & Son are not necessarily entitled, upon issue joined on a plea of non-assumpsit, in addition to the $100 certain, named in the contract, to recover the whole amount of the contingent fee therein specified; but for breach of said contract, by defendant, may recover such damages, by way of compensation for their time, labor and attention, as these are reasonably worth; as well, also, for any loss or injury they may have sustained; *provided* the whole recovery shall not exceed the entire amount stipulated in the contract.

An appeal from the judgment of the circuit court of Mason county rendered, upon the verdict of a jury, on the 30th day of May, 1871, in a suit at law, pending in said court, wherein Daniel Polsley and Daniel W. Polsley, partners in the practice of law, under the firm name of Polsley & Son were plaintiffs and Lewis Anderson, defendant.

· On the 23d day of December, 1870, the plaintiffs instituted an action of trespass on the case in assumpsit against the defendant and the writ was returnable to the January rules then next following. At these rules the plaintiff filed his declaration.

The *first count* alleged "that, whereas, heretofore, to-wit, on the 4th day of August, 1868, at the county aforesaid, the said defendant, in consideration that the said plaintiffs and William H. Tomlinson, Esq., at the special instance and request of said defendant, had then and there agreed with the said defendant that they and the said William H. Tomlinson, Esq., as attorney-at-law, would prosecute a suit in chancery, pending in the circuit court of Mason county, West Virginia, on the chancery side of said court, wherein the said defendant was plaintiff, and the heirs-at-law of John Anderson, dec'd, were defendants, for the enforcement of a special performance of a contract for fifty acres of land, entered into between the said John Anderson in his lifetime, and the defendant: He, the said defendant, then and there agreed that the said plaintiffs and the said William H. Tomlinson, Esq., should receive for their legal services one hundred dollars each, certain (meaning thereby that the said D. Polsley & Son should receive one hundred dollars, and the said Tomlinson one hundred dollars from the said defendant), and that if the said suit was decided in favor of the said Lewis Anderson, the defendant, that then the said Polsleys and Tomlinson were to receive from the said defendant three hundred dollars each (meaning thereby that the said D. Polsley & Son should receive three hundred dollars, and the said Tomlinson three hundred dollars from the said defendant), in all six hundred dollars. The plaintiffs now aver that in consideration of the said promise, agreement and undertaking, that they and the said Tomlinson, did commence and prosecute the said suit in said court, and that they did in all respects in that behalf fulfill and perform their part of said agreement in good faith; but, that while

said suit was pending in said court, and being diligently prosecuted by the said plaintiffs and the said Tomlinson, he, the said defendant, on his own motion, did, without the consent of the said plaintiffs, or said W. H. Tomlinson, cause the said suit to be dismissed, to-wit, on the ―― day of ――, at the county aforesaid, and did then and there, by the dismission aforesaid, hinder and prevent the said plaintiffs and the said Tomlinson from the further prosecution of the said suit, and did thereby prevent and render impossible a decision of said suit in favor of the said defendant. In consideration whereof the said defendant afterwards, to-wit, on the day last aforesaid, at the county aforesaid, undertook and faithfully promised the plaintiffs to pay them the aforesaid sum of $300 on demand."

The *second count* alleged that "the said defendant was indebted to the plaintiffs in the further sum of $300, with interest thereon from the 28th day of January, 1870, until paid, for the work and labor, care and diligence, and attendance of said plaintiffs as attorneys at law in the said court, before that time . done, performed and bestowed by the said plaintiffs upon a retainer; at the special instance and request of the said defendant in and about the prosecuting and attending to a suit in equity in the circuit court of Mason county, West Virginia, for the said defendant against the heirs of John Anderson, deceased; and for certain fees due, and of right payable, to the said plaintiffs, in respect thereof. And being so indebted, the said defendant, in consideration thereof, afterwards, to-wit: on the day and year aforesaid, at the county aforesaid, undertook, and then and there faithfully promised the said plaintiffs to pay the said sums of money aforementioned whenever he would be thereunto afterwards requested."

The *third count* alleges that "the said defendant afterwards, to-wit: on the day and year last aforesaid, accounted with the plaintiffs of and concerning divers other sums of money from the said defendant to the said

1874.
January Term.

Polsley & Son
v.
Anderson.

plaintiffs before that time due and owing, and then in arrear and unpaid; and upon said accounting the said defendant was then and there found to be in arrear and indebted to the said plaintiffs in the further sum of $300, and being so found in arrear and indebted, the said defendant in consideration thereof afterwards, to-wit: on the day and year last aforesaid, undertook, and then and there faithfully promised the said plaintiffs to pay them, the said plaintiffs, the said last mentioned sum of money when thereunto afterwards requested." .

The *fourth count* alleged that "for that whereas heretofore, to-wit: on the fourth day of August, 1868, at the county aforesaid, the plaintiffs and William H. Tomlinson Esq., entered into an agreement in writing with the said defendant, the date whereof is the day and year last aforesaid, and signed their names thereto, as did also the said defendant by J. L. Anderson, his duly authorized agent, by which agreement it was agreed and contracted by and between the said plaintiffs and Wm. H. Tomlinson, on the one part, and the said defendant on the other part, in substance as follows, to-wit: that the said plaintiffs and Tomlinson, as attorneys at law, should prosecute a suit in equity in the circuit court of Mason county, instituted by the said defendant against the heirs-in-law of John Anderson, deceased, for the specific performance of a contract for fifty acres of land entered into between the said defendant and the said John Anderson, in his lifetime; in consideration whereof, the said defendant agreed to pay the plaintiffs for their legal services in said suit the sum of $100 certain; and if the said suit should be decided in favor of the said defendant, he, the said defendant, further promised and agreed in the written contract aforesaid to pay the plaintiffs for their services in said suit the sum of $300, meaning and intending thereby that he, the said defendant, would, if the said suit should be decided in his favor, pay to the plaintiffs the aforesaid sum of $300. And the plaintiffs, in fact, aver that they and the said Tomlinson did diligently and faithfully

prosecute the said suit in said court from the date of said agreement up to the ——— day of ————, and did bestow much labor, care and research in and about the prosecution of the same, and did in all respects, fulfill and perform their part of said agreement in good faith, and were at all times ready and willing and prepared to prosecute the said suit to a final decision; but that the said defendant, while said suit was being diligently and carefully prosecuted and managed by the said plaintiffs and Tomlinson in said court, and on his own motion, and without the consent of the said plaintiffs or either of them, caused the said suit to be dismissed from said court, to-wit: on the day and year last aforesaid, and did thereby hinder and prevent the said plaintiffs and Tomlinson from prosecuting said suit to a final decision in said court, and did thereby discharge the said plaintiffs and Tomlinson from all promised obligation or contract on their part to prosecute said suit to a final decision or decree in favor of said defendant; in consideration whereof the said defendant afterwards to-wit, on the day and year last aforesaid, at the county aforesaid, undertook and faithfully promised the plaintiffs to pay them on demand the last aforesaid sum of $300, whereby an action hath accrued to the plaintiffs to have and demand from the defendant the last aforesaid sum of $300."

The cause was matured at rules and came on the docket of said circuit court, where, on 22d day of February, 1871, the defendant appeared and demurred to the plaintiffs' declaration, and each count thereof, and plead to issue.

On the 28th day February, 1871, the court overruled the said demurrer.

On the 25th day of May, 1871, a jury was empanelled in the cause and "sworn the truth to speak upon the issue joined;" and on the following day rendered a verdict for the plaintiffs and assessed their damages at $280. The defendant then moved to set aside this verdict, but at a subsequent day of the term, withdrew his motion,

and thereupon, the court rendered judgment on the verdict for the sum of $280 aforesaid, with interest thereon from May 26th, 1871, and costs.

On the trial of the cause the defendant tendered two several bills of exception.

The *first*, after incorporating therein the said article of agreement, as hereinafter set forth in the opinion of this Court, states that the construction the defendant contended for and asked the court to give was, "that before the plaintiffs were entitled to recover the contingent and increased fee, mentioned in said contract, that the plaintiffs were bound to prove that the suit was decided in favor of the said Lewis Anderson, and that proving that they had dismissed said suit, at the instance of said Lewis Anderson, was not, in law, equivalent to a decree in his favor, nor will the law imply that his dismissal of the suit was an implied waiver of that condition; which instruction the court refused to give, but, at the instance of the plaintiffs, gave to the jury *four* several instructions as follows:

"1. If the jury are satisfied from the evidence that the performance of the condition in the contract between the parties on the part of the plaintiffs in this suit was prosecuted by the defendant, the plaintiffs are entitled to recover the same that they would be if the condition had been performed.

2. That if they are satisfied from the evidence that the defendant, without the authority or consent of the plaintiffs, dismissed the suit mentioned in said contract, thereby preventing a decree in favor of the defendant, that the plaintiffs are entitled to recover the same amount that they would if the decree in favor of the defendant had been obtained.

3. That if the jury are satisfied from the evidence that the defendant, without the consent of the plaintiffs, compromised and dismissed his suit, the plaintiffs are entitled to recover the same amount that they would be if the condition on their part had been performed, and that in

such case the plaintiffs cannot be held or required to prove but that for such compromise and dismissal they could have obtained a decree in favor of the defendant, and thereby performed the condition on their part.

4. If the jury believe from the evidence that the defendant agreed to pay the plaintiffs the sum of $100 certain, for their services as attorneys in the prosecution of a suit for the defendant, and $300 for their services in case said suit was decided in favor of the defendant, and if the jury further believe from the evidence that the plaintiffs did prosecute said suit until it was compromised and dismissed by defendant, and that said suit was compromised and dismissed by defendant, without the consent of plaintiffs, then the plaintiffs are entitled to recover the $300 specified in the contract. To the giving said instructions, and each and every one of· them, the defendant objected, which objection was overruled, and the instructions were given, and the defendants refused, and to the decision refusing said instructions and giving the instructions of the plaintiffs, the defendant excepts, which exceptions are signed, sealed and saved to him."

The *second* states that on the trial of this cause and after all the evidence on both sides had been given, instructions on both sides asked and passed upon by the court, the attorney for the defendant states that he had then for the first time discovered that F. W. Sisson, a practising attorney, and who was admitted to the bar, and qualified as an attorney in this court, at this time was in the jury, which was admitted by plaintiffs, that the discovery had just then been made, and asked that the said F. W. Sisson be discharged from the jury, and offered to proceed with the trial with the remaining eleven jurors, · which proposition the plaintiffs declined, the defendant stating it was a surprise on him, and he would make it one of the grounds of a motion for a new trial if the juror was kept in the jury, which the court refused to do unless by consent of the other party, which consent was refused. The attorney for the said defen-

1874.
January Term.

Polsley & Son
v.
Anderson.

dant then asked the said F. W. Sisson to be sworn, which being done, the said F. W. Sisson stated that he heard some conversation about a previous suit on this same contract, and the defendant's counsel asked him if he had expressed any opinion as to the law of this case, and he said he had not. To which decision of the court refusing to remove the juror the defendant by his counsel excepts, which exceptions are signed, sealed, and saved to him."

From the judgment aforesaid, the said Lewis Anderson appealed, in the mode and manner prescribed by law.

The Hon. James W. Hoge, judge of the circuit court of said Mason county, presided at the trial of said cause below.

*Henry J. Fisher*, for the appellant.

*Smith & Knight*, for the appellees.

PAULL, JUDGE:

An action of assumpsit was brought by the plaintiffs, D. Polsley & Son, who were attorneys at law, upon the following article of agreement, to-wit: "An article of agreement made and entered into between Lewis Anderson of the first part, D. Polsley & Son, and W. H. Tomlinson of the second part, *witnesseth*: That the said Lewis Anderson has instituted a suit in equity in the circuit court of Mason county for the specific performance of a contract for fifty acres of land, entered into between the said Lewis Anderson and John Anderson, in his lifetime; said suit is against the heirs of said John Anderson: Now, therefore, it is agreed that the said Polsleys and Tomlinson are to receive, for their legal services, one hundred dollars, each, certain, and if the said suit is decided in favor of the said Lewis Anderson, then the said Polsleys and Tomlinson are to receive from said Lewis Anderson, three hundred dollars, each, in all six hundred dollars." The declaration contains four counts; the first and fourth

being substantially the same, set forth the contract or its substance, and after alleging that the plaintiffs commenced said suit, were diligently prosecuting the same, do further allege, that the said defendant, Lewis Anderson, caused said suit, without the consent of the plaintiffs to be dismissed from court, and did thereby hinder and prevent the said plaintiffs from prosecuting said suit to a final decision, in consideration whereof the said Anderson undertook and promised to pay said plaintiffs the said sum of $300, &c.   The second and third counts are the common counts for work and labor, care and diligence of the plaintiffs about the business or suit, of said defendant, and upon an account stated.   A demurrer was entered to the declaration and to each count thereof:   This demurrer was overruled by the court, and on the trial one instruction was asked by the appellant, Anderson, the defendant in the court below, to the effect, in substance, that the dismissal of the suit did not, necessarily, entitle the plaintiffs to the recovery of the contingent fee referred to in the contract, which instruction was refused. Four instructions were asked by the appellees, the plaintiffs in the suit below, (all in substance the same) to the effect that the plaintiffs having been prevented by the act of the defendant and without their consent, from performing the condition precedent contained in the contract, that then the plaintiffs were entitled to recover the same amount as they would have been, if the condition had been performed.   These instructions were given by the court.

It is obvious that the chief question presented for our consideration, under the declaration and these instructions is this: What is the measure of recovery to which the plaintiffs were entitled?   Such is the endless number and variety of subjects, and so manifold are the interests to which contracts are applied, while so many equitable considerations so often attend, either their failure or their execution, that it has been found exceedingly difficult, in practice, to establish any one rule which

shall be of uniform and universal application; in this view the question may not be regarded as wholly free from all difficulty.

This is simply a case of an alleged violation of contract, without any oppression, fraud or malice calling for exemplary damages. In all this class of cases, it is the object of our English and American systems of law to give compensation to the party injured for the actual loss sustained. This compensation is furnished in the damages which are awarded according to established rules; and these rules form what is called the measure of damages. "It is a natural and legal principle," said Shippen, chief justice of the supreme court of Pennsylvania that the compensation should be equivalent to the injury." "The general rule of law," said Story, j., is this: "Whoever does an injury to another, is liable in damages to the extent of that injury. It matters not whether the injury is to the property or the person, or the rights, or the reputation of another."

But in forming a proper idea of legal compensation, it must be remembered that in cases of contract, as a general rule, the law regards only actual pecuniary loss directly sustained, disregarding indirect pecuniary loss, the value of time and expenses incurred in litigation, and taking no notice whatever of the motives of the defaulting party ; that whether the engagement be broken through inability or design, the amount of remuneration is the same. Sedgewick on the Measure of Damages, 26, 27, 33 and 34. Wisely, therefore, the law has not attempted to secure what; (from the nature of the case) is impossible to men, a perfect rule of compensation. Speaking upon this subject chief justice Marshall says : "It would be going a great way to subject a debtor who promises to pay a debt, to *all the loss* consequent on his failure to fulfil his promise. The general policy of the law does not admit of such strictness; and although, in morals, a man may justly charge himself as the cause of

any loss occasioned by the breach of his engagement, yet in the course of human affairs, such breaches are so often occasioned by events which were unforeseen, and could not easily be prevented, that interest is generally considered as compensation which must content the injured." *Short v. Skipwith.* 1 Brock., 103–114.

With the expression of these views of the nature and extent of compensation, which the law contemplates in furnishing a remedy for the breach of a contract, we observe, *secondly,* that as a general and important rule, the contract, itself, furnishes the measure of *damages.* "But this rule is also qualified, says Mr. Sedgwick in his work on damages, and when it is said that the contract furnishes the measure of damages, it is not thereby meant that the party, ready to perform his contract, will be able to recover of the party in default the entire price named in the agreement. On the contrary, it has been held, in many cases, that in actions for breach of contract, the measure of damages is not the price stipulated to be paid on full performance but the actual injury sustained in consequence of the defendant's default." The doctrine as thus stated is sustained and illustrated in the case of *Chamberlin v. McCallister* 6 Dana (Ky.) 352. It was there held that a plaintiff contracting to do work for a stipulated price and who is ready to perform his agreement, but is prevented by the other party, cannot recover the price named in the contract for the whole work, but only the actual damages sustained by him. Says chief justice Robertson, "if the conduct of the plaintiffs excused the defendants in error for their non completion of the entire job they had covenanted to perform, and entitled them to an action, still the proper and only legal criterion of recovery was, in our opinion, the actual damage they had sustained and not necessarily the whole price to which they would have been entitled, had they, without prevention or obstruction, plastered according to contract, the three houses."——"There is no reason for it; and, in our judgment there is no authority, which, when

rightly understood and applied, will sustain such a pretension. Did they sustain any damage ? Then they were entitled to recover to the extent of that damage but to no greater extent." This was in 1838.    Again in 1845, the supreme court of New York made the following decision in the case of *Clark v. Marsiglia*, to-wit: "The measure of damages against a party who has employed another to do certain mechanical work, at a price agreed upon and who has countermanded his directions and forbidden the further execution of the work, after it had been commenced, is not the whole amount agreed to be paid, but a just recompense for such injury as the party employed has sustained on account of the breach of the agreement.    The party, so employed, has no right to proceed with the work after such countermand." The court say, "the plaintiff was allowed to recover as though there had been no countermand of the order ; and in this the court (below) erred :  The defendant by requiring the plaintiff to stop work upon the painting, violated his contract, and thereby incurred a liability to pay such damages as the plaintiff should sustain.   Such damages would include a recompense for the labor done and materials used, and such further sum in damages, as might, upon legal principles be assessed, for the breach of the contract; but the plaintiff had no right, by obstinately presisting in the work, to make the penalty upon the defendant greater than it otherwise would have been." After some further illustrations of a pertinent character, the opinion concludes as follows :   "In all such cases the just claims of the party employed are  satisfied when he is fully recompensed for his part performance and indemnified for his loss in  respect to the  part left unexecuted ; and to persist in accumulating a larger demand is not consistent with good  faith towards  the  employer." 1. Denio (N. Y.) 317.  In the same volume in the case of *Wilson v. Martin* 602, and  *Spencer v. Halstead* 606, the same doctrine is established.   See also *Shannon v. Comstock* 21  Wendell (N. Y.) 457.   The same doctrine is

also held by the supreme court of appeals of Indiana in the case of *Jones v. Van Patten* 3 Ind. 107. In the foregoing cases the contracts were absolute for work and labor and specific sums agreed upon. The principle of these cases appears to be entirely applicable to the case now under consideration and applies possibly with greater force; for here the contract being conditional, it does not necessarily follow that the plaintiffs ever would have been able to have performed the condition, even if they had not been prevented by the act of the defendant.

In opposition to these principles, we are cited to the case of *Hill v. Cunningham*, 25 Texas, 31. In this case it was held that where an attorney contracted for a contingent fee to depend upon the result of the suit, and the client compromises the suit, without the consent of the attorney, he will be entitled to recover the whole amount of the fee in like manner as if the contingency had transpired upon which the payment of the fee was made to depend. The court, in this case, we observe, has simply and briefly expressed its opinion, without stating any grounds or reasons upon which the opinion is founded, and without reference to any authorities whatever; but does add, however, that the rule as thus announced cannot be without exceptions. In the case of *Hunt v. Test*, 8 Ala., N. S. 713, the same rule is announced by the supreme court of that state; but it is worthy of remark that the only question which seems to have been argued and considered by the court was whether a contract to solicit the passage of a private law by Congress was valid: and it was *held* that it was, and the party entitled to his stipulated compensation where the claim had been compromised. We are constrained to adhere to the general doctrine, as stated in the principles and authorities hereinbefore cited, as furnishing a safer and juster rule for measuring the recovery for the breach of such contracts.

In the light of these views and principles we think the court erred in giving the instructions asked for by

the plaintiffs, D. Polsley & Son, and did not err in re-
fusing to give the instruction asked for by the defendant
Anderson, to-wit: that proving that they (the plaintiffs)
had dismissed said suit, at the instance of the defendant
Anderson was not, in law, equivalent to a decree in his
favor. Nevertheless the plaintiffs are entitled to recover for
the time, work, labor, care and attention bestowed by
them, on the business or suit of the defendant, to the
extent of their loss or injury, as established by legal
rules. Can this recovery be had under the present dec-
laration? It contains the common *quantum meruit* count;
and it is said where the non-performance of the contract
arises, not from any failure, on the part of the plaintiff,
but from some act of the defendant, who absolutely
refuses to perform or renders himself incapable of per-
forming his share of the contract, the plaintiff may
rescind the contract and sue at once on a *quantum meruit*
for what he has done. This was decided in a case where
the plaintiff had been engaged by the defendant to
write a treatise on costumes and ancient armors, to be
published in the Juvenile Library: When a certain pro-
gress had been made in the work the defendants aban-
doned the publication for which it was intended. The
declaration contained a count for work and labor, upon
which it was held that the plaintiff might recover upon
the principle above stated. 8 Bingh. 14; Mayne on Dam-
ages, 155. But we think also that the *first* and *fourth*
special counts which set forth the contract and aver the
readiness of the plaintiffs to perform the condition prec-
edent and their prevention of so doing by the act of the
defendant, are sufficient to maintain the action. In the
case of *Chamberlin v. McCalister*, 6 Dana (Ky.) before
cited, justice Robertson says: "We are rather inclined
to the opinion that though the offer and refusal, in such
a case, should not be deemed equivalent to actual per-
formance, according to contract, so far as the criterion
of recovery might be concerned, yet as it would show a
legal excuse for non-performance of a precedent condi-

tion; it might dispense with the averment of perform-ance, which, otherwise would be necessary, in a declaration, and that thus an action might be maintained on the covenant;" or, in this case, on the contract. These counts may be regarded as, properly, setting forth a legal cause of action upon the contract, the extent of the recovery to be controlled by the court, by its instructions, as if the same were upon a *quantum meruit*.

The judgment of the court, entered in this cause on the 30th day of May, 1871, is reversed with costs to the appellant, and the verdict of the jury set aside, and this cause is remanded to the circuit court of Mason county for a new trial in accordance with the principles hereinbefore expressed.

HAYMOND, President, and HOFFMAN, Judge, concurred.

MOORE, Judge, did not sit on the hearing of the cause.

JUDGMENT REVERSED, VERDICT OF JURY SET ASIDE, AND CAUSE REMANDED.