# CHARLESTON.

B. T. CLAYTON *v.* C. G. MARTIN

(No. 6639)

Submitted February 5, 1930. Decided February 11, 1930.

*J. Howard Hundley*, for plaintiff in error.
*P. G. Meador*, for defendant in error.

LIVELY, PRESIDENT:

In the trial of a notice of motion for judgment accompanied by affidavit, resisted by counter affidavit, demurrer to the notice, off-sets and recoupments, verdict and judgment thereon in favor of Clayton against Martin was rendered by the court of common pleas of Kanawha county for the sum of $423.50 on July 26, 1929. A writ of error from the circuit court was denied on September 9, 1929, and later this writ was awarded.

The account sued on is for legal services alleged to have been rendered by plaintiff to defendant and total the sum of $585.00, composed of an item $150.00 for services rendered in a case of the *United States* v. *Martin* pending in the United States District Court; an item of $85.00 for services in a suit of divorce by defendant against his wife; and an item of $300.00 for alleged services in a suit of defendant Martin against Imboden and others; and an item of $50.00 for conferences, not itemized. The last item of general charges for $50.00 was eliminated from the case as no proof had been offered thereon and there is no cross-error assigned on that item. This reduced the entire claim of plaintiff for his services to $535.00.

The principal error relied upon for reversal is the refusal of the court to strike out item No. 3 concerning the $300.00 alleged to be due for services rendered in *Martin* v. *Imboden,* and refusal to set aside the verdict on the specific ground, contained in the motion, that there was no evidence to sustain this charge of $300.00.

As to the other items of charge there was conflicting evidence as to the value of the services rendered, as well as the validity of the off-sets and recoupments. The jury has settled that controversy in favor of plaintiff, and we perceive no ground on which we could reverse the verdict and judgment if the claim had been for these items which total $235.00. But the verdict and judgment is for $423.50, and therefore it is quite apparent that the sum of $300.00 claimed as attorney fee in the case of *Martin* v. *Imboden,* or some part of that sum, was necessarily included in the verdict. Therefore, the case here depends upon the principal assignment of error that there was no evidence on which the jury could find for plaintiff as to the $300.00 item.

The substance of Clayton's evidence pertaining to this item is that Martin came to him and employed him to bring a damage suit against Imboden for $5,000,000.00 and agreed to pay him a contingent fee of ten per cent or better on the amount recovered; that he prepared a praecipe and filed it with the clerk thereby instituting the suit; that after he had done so, Martin came to him and offered to pay $10.00 for his services at which time or probably before that time he, Clayton, had been informed that Martin had received an offer to compromise the suit for $75,000.00. He, Clayton, refused to accept the $10.00 and an additional inconsequental sum offered, whereupon Martin discharged him from further services in that connection. It appears that the damage suit against Imboden went no further. Other counsel were employed by Martin and a different suit instituted against Imboden in assumpsit, which suit appears to be still pending, and it appears from the evidence of one of the counsel employed that Imboden is insolvent, or that a judgment cannot be collected from him if perchance Martin recovers in that

574

suit. Martin's version of the affair is that when he discovered Clayton had brought the wrong kind of a suit, and that he had to, and did employ other counsel, he did not want further services from Clayton in that case, and therefore made an effort to pay him for what he had already done, namely, the sum of $10.00. It is quite apparent that Clayton cannot recover on the theory of his ten per cent basis from the recovery against Imboden, because there has been no recovery and never may be one of fruition. Martin says a proposition of settlement had been made to him by Imboden, but the proposition was non-acceptable because he would get nothing out of the offered compromise settlement, and therefore, naturally refused to accept that offer. It is also quite apparent that Clayton must recover because of the value of his services rendered, that is, upon a *quantum meruit*. What was the value of his services in the Imboden case? No one expresses an opinion of the value of his services, not even Clayton himself. He contented himself with saying that there had been a contract for a contingent fee in a damage suit, and he had prepared the praecipe, and that he had numerous conferences with the defendant concerning that particular suit. He does not place any estimate of value of the time expended in conferences or of his time or skill in preparing the praecipe and filing it with the clerk. The jury was left to guess at the value of his services in these regards. They were furnished no yardstick by which to measure the value.

Clayton claims a breach of contract for legal services which he was to perform to be paid for out of the amount recovered for his client. "In actions for breach of contract the measure of damages is not the price stipulated to be paid on full performance but the actual injury sustained in consequence of defendant's default." *Polsley & Son* v. *Anderson*, 7 W. Va. 202, 212, where the above quotation is taken from Sedgwick on Damages. The principle of law applicable to breaches of contracts for legal services between attorneys and clients is the same which governs contracts for services between other persons. If the contract between attorney

and client be broken without fault on the part of the attorney, he may recover damages for breach, or on *quantum meruit* for the reasonable value of his services. 2 R. C. L., p. 1048, par. 131. In either case the jury must be furnished with evidence of the damage, or with evidence of the value of the services rendered. But if the compensation under the contract is contingent on the success of the suit, and the attorney is discharged without fault on his part, the measure of damages is not the contingent fee, but a reasonable compensation for the services actually rendered. *Pratt* v. *Kerns,* 123 Ill. 86; *French* v. *Cunningham,* 149 Ind. 632; *Johnson* v. *Ravitch,* (N. Y.) App. Div. 810, 99 N. Y. S. 1059; *Polsley* v. *Anderson,* 7 W. Va. 202, above cited. In the last cited case, where the attorneys were suing for a contingent fee as a part of the recovery, under a contract, and had been prevented by their client from further prosecution of the suit, instituted by them (as in the case here), Judge Paull reviewed decisions tending to sustain a recovery for the contingent fee and declined to follow them, saying, on page 214: "We are constrained to adhere to the general doctrine, as stated in the principles and authorities hereinbefore cited, as furnishing a safer and juster rule for measuring the recovery for the breach of such contracts." In *Ramey* v. *Graves,* (Wash.) 191 Pac. 801, the question here presented was squarely before the court, which held: "Where an attorney's compensation is contingent on the successful prosecution of a suit, and he is discharged or prevented from performing the service, the measure of damages is not the agreed contingent fee, but reasonable compensation for the services actually rendered, and in the absence of evidence of such reasonable value there can be no recovery." We adhere to the principle announced in *Polsley* v. *Anderson, supra,* as based on sound reasons. It is axiomatic that in a suit on *quantum meruit* for services the value of the services must be shown, and not left to conjecture. *Stafford* v. *Bishop,* 98 W. Va. 625.

We cannot say the jury allowed all or a portion of the $300.00 item in favor of plaintiff, but as above set out, they necessarily included a substantial part. It is impossible to

separate the good from the bad, and the judgments will be reversed, the verdict set aside and new trial awarded.

*Judgments reversed; verdict set aside; new trial awarded.*