393 S.E.2d 672

**Orville L. HARDMAN**

v.

**Brenda S. SNYDER.**

No. 19199.

Supreme Court of Appeals of West Virginia.

May 18, 1990.

Guy R. Bucci, Bucci & Ranson, Charleston, for Brenda S. Snyder.

Orville Hardman, James M. Powell, Parkersburg, for Orville L. Hardman.

PER CURIAM:

In this appeal, we consider the validity of an award of $11,000 to an attorney for fees and expenses incurred before his client terminated his services. The defendant, Brenda S. Snyder, first consulted with Orville L. Hardman, an attorney, on June 10, 1978, concerning the death of her husband, a construction worker who had been killed in the collapse of a water cooling tower at an electrical generating facility near Willow Island, West Virginia.

Following the consultation, Mrs. Snyder retained Mr. Hardman to represent her in a wrongful death action. Apparently, Mrs. Snyder verbally agreed to pay Mr. Hardman a contingency fee of one-third of the amount recovered.[1] Thereafter, Mr. Hardman filed a civil complaint in the Circuit Court of Pleasants County on behalf of Mrs. Snyder. Approximately two months later, in August, 1978, Mrs. Snyder wrote Mr. Hardman and terminated his services. At a hearing on October 10, 1978, the Circuit Court of Pleasants County entered an order substituting Mrs. Snyder's new attorney for Mr. Hardman.[2] Two years later, Mrs. Snyder settled her case for approximately $160,000.

In February, 1980, Mr. Hardman sued Mrs. Snyder in the Circuit Court of Ritchie County to recover one-third of the settlement amount as attorney's fees. Prior to trial, Mr. Hardman conceded that he could not recover a contingency fee and that he could recover only on a *quantum meruit* theory, i.e., for the value of the work actually performed. The circuit court awarded Mr. Hardman $11,000 on this basis.

The parties agree that the proper theory of recovery is *quantum meruit.* Both parties cite *Clayton v. Martin*, 108 W.Va. 571, 151 S.E. 855 (1930), where we held in the Syllabus that an attorney under a contingent fee contract discharged without fault could only recover the value of his services:

"Where an attorney has been discharged, without fault on his part, from further services in a suit just begun by him under a contract for payment contingent upon successful prosecution of the suit, his measure of damages is not the contingent fee agreed upon, but the value of his services rendered; and in the absence of evidence of the reasonable value of such services, no recovery can be had."

*Clayton* relied on our earlier case of *Polsley & Son v. Anderson*, 7 W.Va. 202, 23 Am.Rep. 613 (1874). The rule enunciated in *Clayton* is also the general rule elsewhere. *E.g., Garrett v. Garrett*, 140 Ariz. 564, 683 P.2d 1166 (App.1983); *Fracasse v. Brent*, 6 Cal.3d 784, 100 Cal.Rptr. 385, 494 P.2d 9 (1972); *Brookhaven Supply Co. v. Rary*, 131 Ga.App. 310, 205 S.E.2d 885 (1974); *Wright v. Fontana*, 290 So.2d 449 (La.App.1974); *Vogelhut v. Kandel*, 66 Md. App. 170, 502 A.2d 1120, *aff'd*, 308 Md. 183, 517 A.2d 1092 (1986); *Salem Realty Co. v. Matera*, 10 Mass.App. 571, 410 N.E.2d 716 (1980), *aff'd*, 384 Mass. 803, 426 N.E.2d 1160 (1981); *Buckelew v. Grossbard*, 189 N.J.Super. 584, 461 A.2d 590, *aff'd*, 192 N.J.Super. 188, 469 A.2d 518 (1983); *Martin v. Camp*, 219 N.Y. 170, 114 N.E. 46 (1916); *Covington v. Rhodes*, 38 N.C.App. 61, 247 S.E.2d 305 (1978), *review denied*, 296 N.C. 410, 251 S.E.2d 468 (1979); *Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958, 234 S.E.2d 282 (1977); *Dill v. Public Util. Dist. No. 2*, 3 Wash.App. 360, 475 P.2d 309 (1970). *See generally* Annot., 92 A.L.R.3d 690 (1979 & Supp.1989).

The rationale for this principle was articulated in *Covington v. Rhodes*, 38 N.C. App. at 65, 247 S.E.2d at 308:

"It is a settled rule that because of the special relationship of trust and confidence between attorney and client the client may terminate the relationship at

---

1. It is unclear from the record whether the fee agreement contemplated a settlement or a verdict after a jury trial.

2. Mr. Hardman denied receiving notice of the hearing. Mrs. Snyder's new counsel asserts that notice was given and that the order substituting counsel reflects Mr. Hardman's objection.

any time, with or without cause. 7 C.J.S. Attorney and Client § 109 . . . .

\*   \*   \*   \*   \*   \*

"The courts which follow the modern trend also base their holdings on the view that a client's discharge of his attorney is not a breach of contract. 'Such a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reason of the special relationship between the contracting parties, that the client may terminate the contract at will.' [*Fracasse v. Brent*, 6 Cal.3d] at 791, 100 Cal.Rptr. at 389, 494 P.2d at 13. See also *Martin v. Camp, supra*."

▇ Our particular concern in this case is Mrs. Snyder's argument that there was no evidence presented at trial which demonstrated the value of Mr. Hardman's services. Although Mr. Hardman testified that his customary hourly rate was $75.00 per hour and that he spent an estimated 250 hours on the case,[3] he did not attempt to provide an accounting of how the time was spent. He apparently visited a library in Cleveland to obtain some technical information, but no dates were given, no time was assigned to this trip, and no itemization of expenses was attempted. This itemization was vital because Mr. Hardman's services had also been retained by another individual whose husband was killed in the cooling tower accident. Basically, Mr. Hardman's testimony consisted of nothing more than stating his hourly rate and a broad, conclusory estimate of the number of hours spent on the case without any specific evidence as to the work performed or the time needed to complete it.

In *Clayton v. Martin*, 108 W.Va. at 575, 151 S.E. at 857, we addressed a similar situation and explained: "It is axiomatic that in a suit on *quantum meruit* for services the value of the services must be shown, and not left to conjecture. *Stafford v. Bishop*, 98 W.Va. 625 [127 S.E. 501 (1925)]." In *Clayton*, the attorney asserted that his client owed him a $300 fee, but did not provide an itemization of the services rendered. We found the attorney's proof inadequate and reversed the judgment. *Bishop* also involved an attorney who failed to provide an accounting for services rendered. This Court, in rejecting the attorney's claim, commented on the lack of evidence:

"It does not show the labor, time, and trouble of the plaintiff in the performance of these services. It does not show the amount of money distributed or divided under his supervision, or deposited or invested under his direction. It does not show the difficulties he encountered, the responsibility he assumed, the results he achieved, or their benefit to the estate. These, as well as other matters, such as the plaintiff's ability, skill, experience, diligence and standing in his profession and the usual and customary charges for like services in the same vicinity, may be considered in determining the value of his services." 98 W.Va. at 636, 127 S.E. at 504–05. (Citations omitted).

Because of the lack of any competent evidence proving the value of Mr. Hardman's services, we reverse the judgment of the Circuit Court of Ritchie County and remand the case for such other proceedings as the parties may deem necessary.[4]

Reversed and remanded.

---

3. This estimate included forty to eighty hours expended by his associate, James M. Powell.

4. Although Mrs. Snyder had moved out of state several years ago, the circuit court rejected the use of her deposition at trial. Rule 32(a)(3) of the West Virginia Rules of Civil Procedure, which is substantially similar to Rule 32(a)(3) of the Federal Rules of Civil Procedure, appears to permit the introduction of the deposition in such circumstances. *See generally* 4A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 32.05 (3d ed. 1989); C. Wright & A. Miller, *Federal Practice & Procedure* § 2147 (1970 & Supp.1990).