T. P. ANDERSON et al., Appellees, v. THE METROPOLITAN STREET RAILWAY COMPANY, Appellant.

No. 17,340.

HEADNOTE BY THE REPORTER.

ATTORNEY'S LIEN—Notice. The attorney for the plaintiff in a suit pending in the courts of Kansas has a lien for his services therein upon any money due his client in the settlement of a suit pending in the courts of Missouri upon the same cause of action from the time of the service of notice of such lien upon the defendant.

Appeal from Wyandotte district court. Opinion filed December 9, 1911. Affirmed.

Miller & Miller, for the appellant; Samuel Maher, of counsel.

T. P. Anderson, and E. K. Robinett, for the appellees.

Per Curiam: The agreed statement of facts upon which the case was tried compels an affirmance of the judgment. It appears that the action in the district court was commenced on the 21st day of March, 1910, upon the same cause of action stated in the petition filed by the same plaintiff in the circuit court of Jackson county, Missouri; that the appellees, who were the attorneys for the plaintiff in the Kansas action, procured service of summons in that case upon the appellant on March 22, 1910, and that written notice of their lien for service in said action as attorneys was duly served upon the appellant on March 21 by delivery of a copy

thereof to the regularly employed salaried attorney for the appellant in Wyandotte county. On March 23, 1910, the appellant, through its general solicitor in Missouri, who had no notice or knowledge of the commencement of the second suit, made full settlement of the claim of the plaintiff at the office of her attorneys in Missouri, who had brought the first action.

Our statute gives the attorney a lien for his services upon money due his client in the hands of the adverse party, in any matter, action, or proceeding in which the attorney was employed from the time of giving notice of the lien to the adverse party. (Laws 1905, ch. 68, § 1, Gen. Stat. 1909, § 435.) Under this statute, the notice which the appellees served upon the appellant gave them a lien upon any money in the hands of the appellant due to their client upon any settlement or adjustment of the cause of action which was the basis of the Kansas suit.

The judgment is affirmed.