RUBEKEIL, by guardian *ad litem,* Appellant, vs. BOWMAN and another, Respondents.

SAME, Respondent, vs. SAME, Appellants.

*February 10—March 9, 1920.*

*Attorney and client: Substitution of attorneys: Contingent-fee contracts: Lien of attorney who has withdrawn: Allowance of fees by court: Determination of amount.*

1. Where during the pendency of an action for damages for personal injuries sustained by plaintiff a substitution of attorneys was made upon the express condition that the right was reserved by the court to ultimately pass upon the question of what allowances should be made out of any fund subsequently to be paid on account of plaintiff's injuries, the allowance made by the court was binding upon the substituted attorneys notwithstanding their contingent-fee contract with plaintiff providing for a greater amount.

2. In fixing the measure of compensation to attorneys the court may properly apply his own knowledge as to the services rendered and the reasonable value thereof.

APPEALS from an order of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.  *Affirmed.*

In May, 1918, the plaintiff, *Paul Rubekeil,* an employee of the Chicago & Northwestern Railway Company, was severely injured at Butler, Wisconsin, by having both legs crushed off by a freight train of said railroad.

Raymond J. Cannon was retained by *Rubekeil* to prosecute a claim for damages against the railroad under a written contract, as first agreed and drawn providing for a thirty-three and one-third per cent. contingent fee out of any money recovered.   This was changed to twenty-five per cent. by *Rubekeil* before he signed the same.   Immediately thereafter considerable time and attention was given by said Cannon and counsel whom he associated with him in examining the place of and the circumstances surrounding the injury, and looking up witnesses, examining some of them before trial; and also attending on a similar examination of said *Rubekeil* and in preparing the case for trial.

Offers of settlement of $4,000 and $4,500 were made on behalf of the defendant and rejected.

On October 9th of the same year *Rubekeil* signed another contract as follows:

"*Paul Rubekeil* having sustained injuries on the 2d day of May, 1918, for which the undersigned claims damages against the C. & N. W. R. Co., a corp., in consideration of the services rendered and agreed to be rendered by *George A. Bowman* and *Horace B. Walmsley,* who are retained and employed as my attorneys authorized to sue and prosecute the cause of action and damages for all of which services I agree to allow and pay 33 1-3 per cent. of the amount settled for, collected or recovered and for which a lien on said cause of action, damages and judgment is hereby given.   Court costs are to be paid by the undersigned, but no fees other than the percentage agreed upon are to be paid.   No settlement is to be made without my consent."

Written notice of lien under such contract was served on defendant.

Motion was then made on behalf of said *Bowman* and *Walmsley* for an order substituting them as attorneys of record for said *Rubekeil* and several hearings had.   It appeared that *Rubekeil,* being without means of his own, could not pay any amount that might be determined to be due his first attorneys and counsel for their services up to that time.

During such proceeding the following question was asked by the court:

"Is it your position that, if you are substituted as plaintiff's attorneys, the contract which has been offered by you, providing that you receive a sum equal to thirty-three and one-third per cent. of the amount settled for, collected, or recovered, shall be the measure of your compensation?"

This was answered by *Mr. Walmsley* as follows:

"Subject to the court's approval; and I want to add this further point: If the court sees fit to allow the counsel whose names are taken from the record some part of that for their compensation in the matter, that is within the power of the court.   That is our position."

In response to a question as to whether he intended to ask *Rubekeil* to live up to this contract *Mr. Bowman* answered: "Whatever the court says on that will be satisfactory to me when this case is finally determined."

*Rubekeil* was informed by the court of his situation and the questions that might arise by reason of the two contracts of retainer providing for contingent fees of twenty-five per cent. and thirty-three and one-third per cent. respectively.

The material part of the order of substitution thereupon entered was as follows:

"It is further ordered that the matter of the compensation for Mr. Raymond Cannon is to be determined when the occasion arises later,—and that the lien of said Raymond Cannon upon the plaintiff's cause of action be and hereby is preserved, the amount of his compensation to be determined later, and that the compensation of the said *Horace B. Walmsley* and *George A. Bowman* shall also be

determined later, and that this order carries no decision or opinion of the court as to the validity, fairness, or reasonableness of either of the contracts which have been put in evidence."

Early in the following month *Rubekeil* began to manifest signs of insanity, and on November 23d he was adjudged insane and committed to an institution.

On November 30th John G. Hardgrove, also a member of the Milwaukee bar, was appointed by the court guardian *ad litem* for said *Rubekeil*. Mr. Hardgrove immediately made a very thorough and exhaustive examination, getting information and assistance from both the former and the substituted attorneys as to the facts and questions of law involved, and himself also took up the question of settlement. An offer of $5,000 had been made to Messrs. *Bowman* and *Walmsley* as such attorneys and they presented the matter to the court. Mr. Hardgrove, however, was not satisfied with such an amount, but subsequently, when the defendant offered the amount of $6,500, recommended its acceptance.

After a hearing the settlement was allowed and confirmed, the amount paid into the court by the railroad company, and it was discharged from further obligation. Thereupon proceedings were had asking for the disposition of said sum of $6,500. The court then made an order directing the following payments to be made:

To Mr. Hardgrove as guardian *ad litem*.............. $250 00
To Mr. Cannon and his associate for services.......... 1,000 00
To Mr. Cannon for disbursements..................... 88 16
To Messrs. *Bowman* and *Walmsley* for services........ 400 00
To Messrs. *Bowman* and *Walmsley* for disbursements... 11 10

$1,749 26

and the balance remaining was ordered paid to the general guardian of *Rubekeil*.

From so much of such order and distribution as refuses to allow to Messrs. *Walmsley* and *Bowman* the contingent fee under said contract of one third of the amount paid

into court they have appealed.   The guardian *ad litem* also appealed from so much of the order as allows any compensation for services to Messrs. *Bowman* and *Walmsley*. No question is raised by any party as to the allowance made to Mr. Cannon and his associate.

For the plaintiff *Rubekeil* the cause was submitted on the brief of *J. G. Hardgrove* of Milwaukee, guardian *ad litem*.

*George A. Bowman* and *Horace B. Walmsley* of Milwaukee, *in pro. per.*

Eschweiler, J.   The allowance made by the trial court of $400 as compensation to the appellants *Bowman* and *Walmsley* for their services in this case can be and is upheld, for the reason that their substitution as attorneys was made upon the express condition that the right was reserved by the court to ultimately pass upon the question of what allowances should be made out of any fund subsequently to be paid on account of plaintiff's injuries.   The statements by Messrs. *Bowman* and *Walmsley* on that hearing were in recognition of the right to make such a reservation and they accepted the substitution based upon such order and reservation.   It bound all persons concerned and continues to so bind them.   No exceptions were filed to such order nor is it before us for review.   The action of the trial court in so disregarding the provisions of the several contracts as to the amounts of compensation was therefore proper and renders it unnecessary to determine other questions as to them.

The trial court had sufficient before him to warrant his arriving at his conclusion as to the reasonable value of the compensation of the several parties, and he might properly apply his own knowledge as to such services and their value in fixing the measure of compensation. *Larscheid v. Kittell,* 142 Wis. 172, 125 N. W. 442.   We can see no ground for disturbing his determination.

This disposition of the matter makes it unnecessary,

under the position taken by the guardian *ad litem* on this appeal, to consider any other of the questions argued.

*By the Court.*—The order of the circuit court is affirmed.