No. 32,934

C. R. Sowers, *Appellee*, v. J. R. (Jack) Robertson and Faye Louie, *Appellants*.

(58 P. 2d 1105)

Opinion filed July 3, 1936.

*K. W. Pringle,* and *Carl O. Bauman,* both of Wichita, for the appellants.
*C. R. Sowers,* of Wichita, *pro se.*

The opinion of the court was delivered by

Hutchison, J.: The appeal in this action is from a judgment rendered against defendants for an attorney's fee on a contingent basis, one of the defendants having been the client of the plaintiff, and the other being one of the parties sued by the client and on whom a notice of an attorney's lien was filed when the action against him was commenced.

The main controversy involved is whether or not a settlement was made of the former litigation and, if so, for how much. The defendant, Miss Louie, was the client of the plaintiff who, as attorney for her, filed two suits, one against the other defendant in this action, J. R. Robertson, for $40,000 for breach of promise, and the other against the mother of J. R. Robertson for $45,000 for alienation of affection.

The petition in this action alleges that an oral contract was made at the time these actions were commenced to the effect that the attorney's fee for the plaintiff should be a contingent one for forty percent of recovery and a formal statutory lien was served on both the Robertsons at the time the petitions were filed; that before the

actions were ready for trial the attorney for the Robertsons offered Miss Louie, in the office of her attorney, $2,000 in cash and a bill of sale of an automobile, which she refused to accept in settlement; that J. R. Robertson also personally made the same offer to the attorney for Miss Louie and stated if it was not accepted in settlement he would settle directly with Miss Louie and the attorney would then get nothing; that the defendant J. R. Robertson did later settle with Miss Louie without the knowledge or consent of plaintiff and that such settlement was made with intent to defraud the plaintiff out of his attorney's fee.

Separate answers were filed by each defendant in the nature of general denials, and that of Miss Louie further alleged that the fee of plaintiff was to be on a contingent basis and plaintiff was to receive nothing unless a satisfactory recovery was secured. A stipulation was made as to the filing of the two actions by plaintiff for Miss Louie and as to the tender of $2,000 in cash and bill of sale for the automobile as a complete settlement for both actions, which offer was refused by Miss Louie.

The case was tried by the court without a jury. Demurrers to plaintiff's evidence were overruled and at the conclusion of the evidence the court, being so requested, made findings of fact and conclusions of law which were filed by the trial court, some of which were attacked by defendants as being unsupported by any evidence. These objections were overruled, and after the overruling of motions for a new trial judgment was rendered against both defendants and for plaintiff for $733.33, from which judgment this appeal is taken.

Appellants insist there was error in overruling their demurrers to plaintiff's evidence because of a complete failure to prove that any money or other property was paid in any monetary settlement, urging particularly that the statute gives an attorney's lien on money due the client and in the hands of the adverse party, and that the rejected offer of settlement does not create a basis for any liability of either defendant to this plaintiff. Counsel for appellants admit that if the court could find there was substantial, competent evidence to sustain the allegations of the petition in the way of monetary settlement then the demurrers should be overruled, in support of which appellants cite *Farney v. Hauser,* 109 Kan. 75, 198 Pac. 178; *Railway Co. v. Service,* 77 Kan. 316, 94 Pac. 262, and *Anderson v. Street Railway Co.,* 86 Kan. 179, 119 Pac. 379. The same line of argument is made as to the findings of fact, particularly as to the

failure of proof of the exact amount of money, if any, actually paid in effecting a settlement and how much of it, if any, applied to the attorney's lien against J. R. Robertson.

It is not contended by appellee that the record shows these two matters in actual monetary figures, but it is maintained that such showing is not necessary. Plaintiff testified that Miss Louie told him "that she and J. R. Robertson had settled all their differences and that she was going to dismiss these lawsuits," and that defendant Robertson had told him that if they would not take the $2,000 and the car "we will settle it and you won't get a dime out of it." Miss Louie in testifying about her trip to California shortly after these negotiations of settlement said, "Yes. He gave me the money to go."

The two suits were dismissed without prejudice, the journal entry of dismissal being signed by Miss Louie and Robertson, and both defendants admit they had resumed their friendly relations.

Appellants forcibly argue these apparent deficiencies in the proof as if this were an ordinary suit upon a contract, entirely ignoring the features of fraud and collusion, which make a serious difference where such is found to exist as in this case. The following findings of fact are pertinent to the matters here involved:

"6. That said employment was on a contingent basis of one third of the amount recovered by compromise settlement or forty percent in case of trial in either or both cases.

. . . . . . . . . . . .

"10. That before the dismissal of said suits as aforesaid and before resumption of courtship as aforesaid, a proposal of compromise was made in the office of Sowers. Present at that conference were plaintiff, C. R. Sowers; and defendant, Faye Louie; and K. W. Pringle, attorney for J. R. (Jack) Robertson and Mrs. Bertie Robertson. An offer of compromise settlement was made and tendered there in the sum of $2,000 cash and a bill of sale to a certain automobile, which the defendant, Faye Louie refused. The testimony in the above-entitled action as to the value of said automobile varies from $200 to $400.

. . . . . . . . . . . .

"12. Thereafter, said J. R. Robertson and his attorney, K. W. Pringle, met C. R. Sowers in the city of Wichita at some place outside of Sowers' office; . . . at which time said J. R. Robertson said that 'you will take the amount or you will get nothing,' referring to the $2,000 and the automobile aforesaid.

. . . . . . . . . . . .

"16. The court finds from all the evidence that a settlement was effected between the said Faye Louie and J R. Robertson of the two aforesaid suits filed by the said Faye Louie and that it was done without the knowledge or

consent of the said C. R. Sowers, while his attorney's lien was still unsatisfied and that such settlement amounted to collusion on the part of the said Faye Louie and the said J. R. Robertson to defraud the said Sowers out of his attorney's fees.

"17. The court finds that the attorney is entitled to one third of the $2,000 offered and refused as aforesaid and the reasonable value of the automobile aforesaid. The lowest value placed on the automobile by the testimony of the above-entitled action was $200. That would make, therefore, so far as these findings are concerned, settlement for $2,200."

The following is the conclusion of law:

"As a conclusion of law, the said C. R. Sowers is entitled to one third of $2,200 as his attorney's fees and judgment against each of the defendants for the amount should be rendered thereon, together with the costs of this action."

The finding of collusion between the defendants to defraud the plaintiff relieves the plaintiff of showing the exact details of the settlement, as would have been required to enforce the contract if there had been no collusion or fraud. (26 C. J. 1180; 12 R. C. L. 394.)

In the case of *Graham v. Elevator Co.*, 115 Kan. 143, 222 Pac. 89, the court found there was no collusion or fraud established in the matter of the settlement of a compensation case between the workman and the employer without the presence of the attorney for the claimant, and the court allowed the attorney who had regularly filed his lien the percentage provided therein of the actual amount for which settlement had ultimately been made.

In 6 C. J. 790, 791 it is said:

"Where an attorney's fee is payable, by special contract, out of the proceeds of the suit, the attorney has an inchoate lien upon the property for his fee as soon as the action is commenced; and the client cannot defeat such lien by dismissing the action before trial, over the attorney's objection, without first paying, or properly securing, the attorney's fees. . . .

"Where a settlement is made collusively and with the purpose of depriving the attorneys of their compensation, the court will withhold its sanction of the adjustment, although ordinarily anxious to ratify the honest settlement of a pending action. . . . The mere fact that an action is settled without the consent of plaintiff's attorney, and with no adequate consideration for the settlement, being considered evidence of bad faith."

In the case of *Carter v. McPherson*, 104 Kan. 59, 177 Pac. 533, the attorney working on a contingent fee basis recovered his percentage allowance on the settlement ultimately effected after the action he had commenced had been dismissed by his client and another action had been commenced by another attorney. It was there held:

". . . that the contract fixed the plaintiff's compensation, the stated percentage of the amount recovered by suit or by compromise; that the plaintiff's discharge without cause did not free the client from the obligation of the contract, or relegate the plaintiff to recovery on *quantum meruit;* and that the contract of settlement established, prima facie, by way of admission, the amount of money due the plaintiff's client from her adversary." (p. 65.) (See, also, *Water-Supply Co. v. Root,* 56 Kan. 187, 42 Pac. 715.)

Appellants depend strongly upon the word "settlement" and their positive statements that there has been no settlement. They of course mean monetary settlement, although they are again good friends and both admit some monetary transfer. The word "settlement" is defined in 57 C. J. 531 as follows:

"Act or process of adjusting or determining; and adjusting; an adjustment between persons concerning their dealings or difficulties; an agreement by which parties having disputed matters between them reach or ascertain what is coming from one to the other; arrangement of difficulties; composure of doubts or differences; determination by agreement; and liquidation."

In the case of *Trinkle v. McCue,* 113 Kan. 623, 216 Pac. 263, it was said:

"The fact that he claimed a lien upon the entire judgment was notice to defendant in that case, and to everyone that it might take the entire judgment to pay, and it is for the court to determine the amount of the lien. . . . With such notice of lien the attorney may recover for his services as stipulated in his contract of employment, provided, of course, that the contract is not champertous, or for some other reason unenforceable . . . and the plaintiff is not limited to recover on *quantum meruit."* (p. 625.)

The court in the case at bar used as a basis for recovery the offer of settlement made by the attorney for Robertson and refused by plaintiff's client. This was a reasonable basis because it was offered and she could have received it, and if later she accepted more, the attorney whom she employed should show it. The defendants cannot be hurt because it was stipulated such offer was made, and they cannot deprive the attorney of his share of the amount offered by agreeing to settle for less for the purpose of defrauding him.

We have no difficulty in finding in the record sufficient competent evidence to sustain the findings of the trial court including that of collusion with the intent to defraud the plaintiff out of any attorney's fee, as one of the defendants plainly stated to the plaintiff almost immediately before the adjustment was made. The defense is a prearranged policy based upon a restricted meaning of the word "settlement" which cannot be approved, especially when there is

connected therewith, as found by the court, collusion to defraud the plaintiff.

The demurrers to the plaintiff's evidence were properly overruled. There was no finding as to the share of the lien on defendant Robertson. He made the offer of settlement as to both suits through his attorney and directly to the plaintiff. So he is responsible to the extent of that offer as a basis for the contingent fee thereon, as he had possession and control of that amount so offered.

The judgment is affirmed.