HARRISON, APPELLEE, *v.* JOHNSON, APPELLANT.

(Decided March 18, 1940.)

*Mr. R. E. Simmonds, Jr.,* for appellee.
*Messrs. Ragland, Dixon & Murphy* and *Mr. Wm. J. Rielly,* for appellant.

MATTHEWS, J.  This appeal brings under review a judgment in favor of the plaintiff, an attorney, upon a contract for services as an attorney.  The issues of fact were submitted to a jury that returned a verdict in his favor upon which the judgment was rendered.

The contract upon which the action is based provided for a contingent fee of 50 per cent for services in establishing the relationship of the defendant to one Martha C. Smith, an incompetent, then living, and his proportionate share in her estate should he survive her, and representing him in any and all proceedings necessary to obtain such share for him.

Before the death of Martha C. Smith, but after the plaintiff had performed services in investigating the law and the genealogy of the Smith family, the defendant discharged the plaintiff, and in the proceedings subsequent to the death of Martha C. Smith he was represented by other counsel. There is abundant evidence that the data accumulated by the plaintiff was used to establish the defendant's right to a 1/140th share in the estate.

The plaintiff's daughter was also an heir of Martha C. Smith, and prior to any communication between the plaintiff and defendant, she had employed her father and he was investigating the records and situation for her.

It was, or became, apparent early that this estate would probably be divided into two equal shares, one share going to the descendants of the paternal grandparents and the other to those of the maternal grandparents, although the latter class claimed the entire estate. The plaintiff's daughter was a descendant of the paternal grandparents. It was, therefore, advisable, or deemed so, to secure cooperation among all those descendants.

The plaintiff endeavored to secure this cooperation and sought employment by such other descendants. The employment in the instant case was obtained in that way.

(1) It is claimed that this solicitation was contrary to the canons of legal ethics, and is a bar to the enforcement of the contract.

It is provided by Section 1 of Rule. XXVIII of the Supreme Court of Ohio that: "The canons of ethics of the American Bar Association are commended; and nothing in these rules is intended to limit or supersede any provision of law relating to the duties and obligations of attorneys or the consequences of a violation thereof." (130 Ohio St., lxlv.)

Canon 28 of professional ethics approved by the

American Bar Association is that: "It is unprofessional for a lawyer to volunteer advice to bring a lawsuit, except in rare cases where ties of blood, relationship or trust make it his duty to do so."

This situation did not, strictly speaking, involve the advice to bring a lawsuit. Whatever litigation was contemplated was that which is inevitable in the distribution of a decedent's estate.

Furthermore, the plaintiff's employment by his daughter and the relationship takes the case out of the prohibited category of an attorney soliciting employment, where there is no basis for it in the relation of the parties.

(2) It is urged that this contract contains a provision binding the attorney to pay the expenses and costs of litigation. As pointed out already, the contract did not necessarily contemplate litigation in the usual sense of that term, so far as the potential interest of the defendant as an heir apparent of Martha C. Smith was concerned. That his right should be disputed after his relationship was established could not be foretold. We would say the forecast would be to the contrary. It could all be accomplished without adversary proceedings. Construed with this in mind, we find nothing in the language indicating that the parties contemplated that either might be called upon to pay court costs. They did contemplate that the collection of evidence of heirship would entail expense, and a fair construction of the language of the letters evidencing the contract is that the plaintiff would collect evidence, not already in his possession, without expense to the defendant. Such contracts are not inherently unlawful between persons bearing no existing relation. 12 American Jurisprudence, 690 *et seq.*, Section 188 *et seq.* And even where the contract would otherwise be condemned, it is sustained where justified by social relation, as that between relatives by consanguinity, or

affinity. *Reece* v. *Kyle,* 49 Ohio St., 475, at 482, 31 N. E., 747, 16 L. R. A., 723.

(3) We have analyzed the statements made in the plaintiff's letters to the defendant in passing upon the claim that they contained untrue and fraudulent statements which induced the defendant to enter into the contract. It is clear from the letters (and the defendant must have so understood them) that the statements were tentative and based upon partial knowledge. One of the principal items of service contemplated was the investigation of the facts to establish what the plaintiff, believed and expressed upon his knowledge of fragments of the whole truth. The fact that the investigation verified the original impression is certainly no evidence of any untruth, nor, do we believe that it is any evidence of fraudulent concealment.

(4) It is urged that the court erred in charging the jury that the measure of damages was the compensation stipulated in the contract. This charge was in accordance with the rule announced in *Scheinesohn* v. *Lemonek,* 84 Ohio St., 424, 95 N. E., 913, Ann. Cas. 1912 C, 737, which was approved and followed in *Roberts et al., Partners,* v. *Montgomery,* 115 Ohio St., 502, 154 N. E., 740. While the percentage agreed to as a fee is large and would naturally cause a court to be vigilant to discover any fraud or undue influence, it appears in this case that the defendant was a man of experience and ability without any basis for a claim of disadvantage in dealing at arm's length. There seems no reason to excuse him from performing a contract into which he deliberately entered.

The issues in this case were submitted to a jury under a charge fully stating the law applicable thereto, and the evidence supports the verdict for the plaintiff.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and Ross, J., concur.