TOUCHETT, Appellant, vs. SUTHERLAND, Respondent.

*October 11—November 7, 1956.*

For the appellant there was a brief by *Jones & Petersen,* and oral argument by *Robert J. Lowe,* all of Milwaukee.

For the respondent there was a brief by *A. D. Sutherland* of Fond du Lac, *in pro. per.*

BROADFOOT, J.   From the pleadings and from the record made at the hearing on the plea in abatement, it appears that the plaintiff retained the defendant as his attorney in connection with certain claims and causes of action which plaintiff had against a certain corporation.   Several actions were commenced by the defendant on behalf of the plaintiff against said corporation in the circuit court for Fond du Lac county and in the federal courts.   Approximately five years thereafter and before the conclusion of said litigation there apparently was a dispute between the parties to this action that resulted in a stipulation providing for the substitution of another attorney.   The stipulation further provided that the determination of the attorneys fees, if any, that might be found due and owing to the defendant from the plaintiff, be fixed and determined in an appropriate proceeding in the circuit court for Fond du Lac county.   It was further stipulated that one third of any moneys recovered by the plaintiff in his actions against the corporation be paid into court and that any fees found to be due to the defendant from the plaintiff be fixed by said court and paid out of said moneys.   An order was entered pursuant to said stipulation and in accordance with its terms.

Sec. 256.27 (3), Stats. (Court Rule), reads as follows:

*"Substitution of attorneys.* No order for the substitution of an attorney for a party shall be made without consent signed by such party and his attorney; or for cause shown and upon such terms as shall be just, and on such notice as the court or judge shall direct."

This rule seems to provide for two different situations. First, it provides that substitution of attorneys may be made

upon written consent signed by the client and his attorney. Second, the statute provides that a court may enter an order for substitution of attorneys for cause shown but upon such terms as shall be just. This rule does not cover the ordinary situation. It does not recognize the absolute right of a client to have a substitution of attorneys whether his attorney consents or not. · In so far as the rule is applicable it merely recognizes that the court retains jurisdiction in the original action to protect the attorney in his lien or for his fees and disbursements. In this case there was no consent such as contemplated by the rule, nor was any cause shown. The stipulation was a recognition of the right of the client to have a substitution of attorneys with or without cause or consent. The stipulation and the order, however, recognized that the circuit court for Fond du Lac county retained jurisdiction in the actions then pending between plaintiff and the corporation to determine the amount of attorneys fees due to the defendant in an appropriate proceeding therein and that the attorney be protected by the deposit of said funds with the court.

Approximately a month after the order was signed the plaintiff commenced this action to recover a portion of the fees and disbursements he had already paid to the defendant. It was his contention before the trial court, and it is his contention here, that this action is an appropriate proceeding begun in the circuit court for Fond du Lac county, which is the proper forum. ·

We cannot agree with that contention. In the case of *Rubekeil v. Bowman,* 171 Wis. 128, 176 N. W. 854, the plaintiff was injured by a freight train. He entered into a contingent-fee contract whereby he agreed to pay his attorney 25 per cent of the amount recovered. Later he entered into a second contingent-fee contract with two other attorneys whereby he agreed to pay them $33\frac{1}{3}$ per cent of any sums recovered in his action against the railroad company. The two attorneys then moved that they be substituted for the

prior attorney. Before that matter was resolved the plaintiff was adjudged insane and committed to an institution. A guardian *ad litem* was appointed for him. Thereafter the matter was settled by the railroad company and the money was paid into court. The trial court fixed the amount of fees to be paid the different attorneys at amounts substantially less than the amounts provided for in the contracts. Upon appeal by the attorneys holding the second contract this court held that the trial court had the right to determine the amount of their compensation, notwithstanding their contingent-fee contract for a greater amount.

A similar situation was before us in the case of *Froedtert G. & M. Co. v. Peter P. Woboril, Inc.,* 265 Wis. 456, 61 N. W. (2d) 855. In that case the plaintiff asked for a substitution of attorneys. The attorney made no objection to the substitution provided he was paid the amount he claimed to be due him. The trial court attempted to adjust the matter of fees and delayed entering an order for several years. Finally he entered an order providing for the substitution of attorneys and directing the payment to the attorney of a sum in excess of the amount claimed. Apparently it was to be in settlement of his claim for services in the pending case and two others that were pending at the time of the application for substitution of attorneys in which the same attorney was appearing for the plaintiff. Plaintiff appealed to this court and here it raised an interesting question. During the time the trial court had the plaintiff's petition for substitution of attorneys under advisement the plaintiff settled its dispute with the defendant and so informed the trial court. The plaintiff therefore argued that the controversy had become moot and no order should have been entered in the circuit court and this court should withhold any decision. We decided that the trial court had full authority to resolve the question of compensation to the attorney. In that case we said (p. 463) :

"We regard the application as a consent by the petitioner to be bound by the court's determination (within the limits of judicial discretion and subject to appeal) and to pay such amount as the court may order, in like manner as the unwanted attorney must surrender the client's papers and get out of the case upon receiving payment so ordered. When the client has applied to the court for such relief we conclude that it cannot, without consent of the attorney, make moot this particular controversy by a settlement of the principal action or, for other unilateral reasons, abandon, to the attorney's prejudice, its effort to procure a substitution. The court may still proceed to a determination of the terms of substitution and its order, within the limits aforesaid, binds the client to compliance."

In the present controversy the stipulation recited that the substitution of attorneys was desired by the plaintiff. The consent was conditional, and the trial court retained jurisdiction to determine the amount of compensation, if any, due to the defendant in the actions in which the substitution was made. The appropriate proceeding referred to in the stipulation and order may be by way of a petition and order to show cause, by appropriate motion, or by reference by the circuit judge in case he does not wish to determine the matter of fees due to one of the attorneys of his court. However, the appropriate proceeding is in connection with the substitution of attorneys and must be conducted within the framework of those actions. Therefore the present action could not be instituted as a separate and independent proceeding and the action was properly abated.

*By the Court.*—Judgment affirmed.