TONN, Plaintiff, v. REUTER and another, Defendants: BOGUE and another, Appellants: MACINTYRE and another, Respondents.

*February 4—March 3, 1959.*

500

502

For the appellants there were briefs by *Bogue & Sanderson* of Portage, and oral argument by *T. J. Sanderson* and *David Bogue*.

For the respondents there was a brief and oral argument by *Hugh F. Oldenburg* of Madison.

CURRIE, J. This appeal is concerned with the rights of an attorney, or law firm, who has been employed by a client to perform a specific task and then is discharged by the client without cause after performance of substantial services.

While there is agreement in the decided cases as to the right of a client to change attorneys, there is sharp disagreement as to whether a client by so doing may subject himself to the payment of damages on the ground of breach of contract. The majority rule is that, where the attorney has been employed to perform specific legal services, his discharge, without cause or fault on his part before he has fully performed the work he was employed to do, constitutes a breach of his contract of employment and makes the client liable to respond in damages. Anno. 54 A. L. R. (2d) 604, 609, 610; Anno. 136 A. L. R. 231, 242; 2 Mechem, Agency (2d ed.), p. 1834, sec. 2256; Restatement, 2 Agency (2d), p. 362, sec. 449, comment *b*; and 34 Texas Law Review, 1082. On principle, we cannot perceive why any distinction should be made in the application of such a rule between fixed-fee and contingent-fee contracts, and most of the cases make no such distinction. For an expression of the minority view that no breach of contract occurs, see *Pye v. Diebold* (1939), 204 Minn. 319, 283 N. W. 487, and *Martin v. Camp* (1916), 219 N. Y. 170, 114 N. E. 46 (rehearings denied, 219 N. Y. 627, 114 N. E. 1072, and 221 N. Y. 631, 116 N. E. 1060). The majority rule commends itself to this court and we adopt the same.

A contingent-fee contract is always subject to the supervision of the court as to its reasonableness. Canon 13, American Bar Association Canons of Professional Ethics established by Rule 9 of the Rules of the State Bar of Wisconsin as standards governing the practice of law in Wisconsin. The contingent-fee contract entered into between the plaintiff and Bogue & Sanderson provided for payment of a contingent fee of one fourth of the amount recovered by the plaintiff as a result of suit or compromise settlement where no appeal to this court was involved. We do not consider such a contingent fee to be unreasonable or excessive. Therefore, there is no issue before us of the validity of the contingent-fee contract, and the plaintiff breached such contract when she discharged Bogue & Sanderson without cause or fault on their part.

What is the measure of damages where an attorney, or law firm, employed on a contingent-fee contract to undertake a specific task is discharged without cause? It appears from the annotation entitled, "Measure or basis of recovery by attorney employed under a contingent-fee contract who is discharged without fault on his part," 136 A. L. R. 231, that there is no agreement among the authorities as to the proper measure of damages. The courts of some states permit the discharged attorney to recover the full amount of the contingent fee contracted for. *Jones v. Martin* (1953), 41 Cal. (2d) 23, 256 Pac. (2d) 905; *MacInnis v. Pope* (1955), 134 Cal. App. (2d) 528, 285 Pac. (2d) 688; *Carter v. Dunham* (1919), 104 Kan. 59, 177 Pac. 533; cited with approval in *Sowers v. Robertson* (1936), 144 Kan. 273, 58 Pac. (2d) 1105, 1107; *Harrison v. Johnson* (1940), 64 Ohio App. 185, 28 N. E. (2d) 615; *Dolph v. Speckart* (1920), 94 Or. 550, 186 Pac. 32; *Williams v. Philadelphia* (1904), 208 Pa. 282, 57 Atl. 578; *Bennett v. Sinclair Navigation Co.* (D. C. Pa. 1940), 33 Fed. Supp. 14; and *White v. Burch* (Tex. 1930), 33 S. W.

(2d) 512. Other courts only permit recovery in *quantum meruit* for the services performed prior to the discharge as the sole remedy. *French v. Cunningham* (1898), 149 Ind. 632, 49 N. E. 797, and *Clayton v. Martin* (1930), 108 W. Va. 571, 151 S. E. 855.

Missouri holds that an attorney, who is employed under a contingent-fee contract and is discharged without cause, has an election to either treat the contract as rescinded and collect from the client in *quantum meruit* for the services rendered or to wait until the client's cause of action is liquidated by judgment, or settlement, and then to sue for his fee according to contract. *Gillham v. Metropolitan Street R. Co.* (1920), 282 Mo. 118, 221 S. W. 1. Arkansas in such a situation permits recovery of the stipulated contingent fee computed upon the amount ultimately realized by the client, less the expenses to which the discharged attorney would have been put in performing the unperformed portion of the contract. *Brodie v. Watkins* (1878), 33 Ark. 545, and approved in *Bockman v. Rorex* (1948), 212 Ark. 948, 208 S. W. (2d) 991. However, the Arkansas rule allows no deduction for the lawyer's services in performing the unperformed portion of the contract but only for out-of-pocket expenses.

It seems to us that the proper measure of damages to apply in a case like the present is the amount of the contingent fee based upon the amount of the settlement or judgment ultimately realized by the client, less a fair allowance for the services and expenses which would necessarily have been expended by the discharged attorney in performing the balance of the contract. However, any deduction for services yet to be performed in order to earn the contingent fee should not be made on the basis of deducting such fraction of the contingent fee as equals the fraction of the total work not performed at the time of discharge.

The trial court's disposition of the matter gave no recognition to the fact that there had been a breach of contract by the plaintiff thereby making her liable in damages to Bogue & Sanderson. A further error occurred in holding that the plaintiff should not be required to pay a total attorney fee in excess of 25 per cent of the $14,000 recovered. Unless MacIntyre and Oldenburg had agreed to such a limitation, the plaintiff very well may have obligated herself to a larger fee than this. Judge WILKIE rightly had admonished the plaintiff, at the time of the hearing with respect to the substitution of attorneys, that by discharging Bogue & Sanderson and employing other attorneys she might have to pay a larger total attorney fee than if she had continued the employment of Bogue & Sanderson. He explained to her that the reason for such possibility occurring was the fact that the substituted counsel might have to duplicate work already performed by Bogue & Sanderson.

It is apparent to this court that if the proper measure of damages had been applied by the trial court, Bogue & Sanderson's allowable attorney fee would have exceeded the $1,750 awarded to them. This necessitates that the order be reversed and the matter remanded to the circuit court to determine the fee to be allowed them in accordance with the principles laid down in this opinion. By increasing the allowance to Bogue & Sanderson out of the impounded $3,500, it necessarily follows that there will be less than $1,750 remaining to apply on the fees of MacIntyre and Oldenburg. Whether MacIntyre and Oldenburg have any recourse against the plaintiff to recover the balance of the $1,750 fee allowed to them is not an issue on this appeal. Neither is the reasonableness of the amount of the fee allowed to MacIntyre and Oldenburg before us.

In fairness to the trial court we deem it necessary to correct a statement which we made in *Touchett v. Sutherland* (1956), 274 Wis. 35, 79 N. W. (2d) 80, which was

mentioned in the memorandum of recommendations from Judge WILKIE to Judge BARDWELL. Such statement in the *Touchett Case* was to the effect that the earlier case of *Rubekeil v. Bowman* (1920), 171 Wis. 128, 176 N. W. 854, had held, in a situation where there had been a substitution of attorneys, that the trial court could fix the fees of the substituted (not the displaced) attorneys at an amount less than their contingent-fee contract. A reading of the opinion in the *Rubekeil Case* discloses that the substituted attorneys had by stipulation vested such right in the trial court. In the absence of such stipulation, or a finding that the amount of the agreed contingent fee was excessive, the court would have possessed no such right.

In the instant case, Bogue & Sanderson waived no right by not appealing from the original order of substitution which provided that an "equitable distribution" of attorney fees would be made at the time of the termination of the action. This is because such order was not an appealable order. Sec. 274.33, Stats. Furthermore, an "equitable distribution," in so far as Bogue & Sanderson were concerned, was one which would give recognition to the fact that their fees must be based upon the breach by the plaintiff of the contingent-fee contract.

Where an attorney employed under a contingent-fee contract is discharged without cause, it is proper for the trial court, when entering an order for substitution of attorneys, to provide therein for the deferment of the fixing of the displaced attorney's fees until the liquidation of the client's cause of action by judgment or settlement.

*By the Court.*—Order reversed, and the matter remanded for further proceedings not inconsistent with this opinion.