FAIRCHILD, Senior Circuit Judge,
concurring.
In my opinion, a court has some degree of supervisory power over attorney’s fees charged for services in a case before the court. The power is derived from the relationship between the court and its officers, and it would include a decision that a literal application of a contingent fee contract would produce a fee so excessive that it could not be countenanced by the court as a matter of public policy. See, e.g., Snow v. Mikenas, 373 Mass. 809, 370 N.E.2d 1001, 1003 (1977) (“[A] judge is authorized tq raise the question of the reasonableness of a contingent fee arrangement on his own motion where . . . the attorney intends to collect his fee from funds to be distributed through him by court order”); Tonn v. Reuter, 6 Wis.2d 498, 504, 95 N.W.2d 261 (1959) (“A contingent-fee contract is always subject to the supervision of the courts as to its reasonableness”); Harmon v. Pugh, 38 N.C.App. 438, 248 S.E.2d 421, 425 (1978) (“[A contingent fee] contract, even though found to have been entered into fairly and in good faith and without suppression of fact, is subject ... to the scrutiny of the court as to its reasonableness”); see generally 7 Am. Jur.2d Attorneys at Law § 255 (1980); An-not. 77 A.L.R.2d 411.
I do not view the question of supervisory power as necessarily presented by this case. That approach would require a decision whether in these circumstances the state court or the bankruptcy court should exercise the power. The federal court decision that the amount it allowed is reasonable does not amount to a decision that the fee claimed per contract would be excessive, giving appropriate consideration to the factors incidental to contingent fee arrangements. And counsel have not argued that approach. Because I do not read this case as necessarily presenting the question of supervisory power, I concur in the opinion authored by Judge East, and dealing with the issues which the appeal does present.