SIXTH DIVISION

August 5, 2005 

No. 1-04-1717

KECK AND ASSOCIATES, P.C., an Illinois ) Appeal from the

Professional Corporation, and ROBERT C. ) Circuit Court of

KECK, JR., an Individual, ) Cook County

)

Plaintiffs-Appellants, )

)

v. ) )

JOHN J. VASEY, an Individual, ) Honorable

) Barbara J. Disko,

Defendant-Appellee. ) Judge Presiding

JUSTICE McNULTY delivered the opinion of the court:

John Vasey decided, contrary to his attorney's advice, not to appeal from a final judgment the trial court entered against him in a case he brought against an insurance company.  The attorney, who had agreed to accept a contingent fee for representing Vasey, sued Vasey to recover the reasonable value of the services he had provided.  The trial court dismissed the attorney's complaint.  The attorney now appeals.  We find that a client's rejection of his attorney's advice to appeal from an adverse decision does not entitle the attorney to recover in 
quantum meruit
.

BACKGROUND

In 1999 State Farm Insurance Companies sent a letter to a number of the clients of Vasey, an insurance agent.  Vasey thought that the letter libeled him.  Vasey contacted Keck & Associates, a law firm, for help with litigation against State Farm.  Keck sent Vasey a letter dated April 13, 2000, stating:

"[W]e propose to handle the *** case on the following terms:

1.  You will pay within 10 days of receipt, all our bills for legal time spent at our regular hourly rates until your payments have reached $10,000.00.

2.  If further work needs to be done (which it will), you will have no further obligation to pay our monthly bills for legal time. ***

3.  Any recovery in the case will be allocated between us as follows:

First, to repay you your $10,000 and any out of pocket expenses you incurred; and then

Second, the balance as follows:

Jack Vasey 66.67%

Keck & Associates, P.C. 33.33%."

Vasey signed the letter, indicating his acceptance of the terms.

Keck filed a lawsuit against State Farm on Vasey's behalf.  State Farm moved for 
summary judgment
.  The motion judge denied the motion and the court assigned the case for trial.  State Farm, at the trial judge's suggestion, renewed its motion for 
summary judgment
.  The trial court granted State Farm 
summary judgment
 on the complaint on December 10, 2002.

On January 2, 2003, Keck sent Vasey a letter encouraging Vasey to appeal from the trial court's decision.  Keck added this advice:

"
Under Illinois law, a client who abandons his case or terminates the services of his contingent fee attorneys before the case's conclusion, is liable for the reasonable value of his attorneys' services on his case
.  *** The Statement of Account shows a balance due of $273,183.10 ***.

We do not want you to have to pay for our services.  We want State Farm to pay.  But if you do not appeal, State Farm will no longer represent a source of payment.

* * *

By *** preventing us from filing the Notice of Appeal, you would be denying us the right to recover our contingent fee for our services.  In such case, you would be assuming responsibility to pay us the reasonable value of the legal services that we have rendered to you." (Emphasis in original.)

Vasey replied that he did not want Keck to file a notice of appeal.  On January 8, 2003, Vasey sent a fax to Keck, stating:

"I have decided to accept State Farm's offer to waive charging me their costs in return for my agreeing not to appeal the case.  Please inform State Farm's attorneys of my decision."

Keck sued Vasey for the reasonable value of the services it provided before Vasey abandoned the lawsuit.  Vasey moved to dismiss on grounds that the facts stated in the complaint showed that Vasey had fulfilled his obligations to Keck.  The court found:

"[T]he contract *** was never intended to extend past the trial court stage.  There was no agreement between the parties *** whereby the arrangement was to continue past the trial court.  Moreover, 
Plaintiff
 placed no contract language nor alleged that 
Defendant
 agreed to go forth with an appeal merely on 
Plaintiff
[']s strong recommendations alone."

The trial court dismissed the complaint.  Keck now appeals.

ANALYSIS

We review 
de novo
 the trial court's dismissal of the lawsuit on the pleadings. 
Doe v. Chicago Board of Education
, 213 Ill. 2d 19, 23-24 (2004).  "[A]n attorney discharged without cause is not entitled to recover contract fees from his former client but is limited to reasonable fees for services rendered."  
Rhoades v. Norfolk & Western Ry. Co.
, 78 Ill. 2d 217, 229 (1979).  Vasey here discharged Keck after the trial court entered a final judgment in favor of State Farm.  Keck argues that Vasey discharged it without cause, in violation of the contract, when he refused to appeal from the trial court's judgment.

Keck agreed to "handle the *** case" against State Farm for a fee largely contingent upon Vasey's recovery.  The contract makes no mention of an appeal.  Keck points out that if Vasey chose to appeal from the decision, or if Vasey won a judgment and State Farm chose to appeal, the contract would obligate Keck to represent Vasey on appeal, with no addition to the contingent fee established in the contract.  See 
Pocius v. Halvorsen
, 30 Ill. 2d 73, 80 (1963).

In 
Pocius
 the 
plaintiff
 hired the 
defendant
 to represent her in litigation.  The 
plaintiff
 signed an agreement that stated: "'[U]pon the signing of the decree in the Superior Court of Cook County *** said legal services are completed and I hereby agree to pay a sum equal to one-third of the reasonable value of the property or money contained in said Decree.'"  
Pocius
, 30 Ill. 2d at 75.

The circuit court signed a decree in favor of the 
plaintiff
, but our supreme court reversed the judgment, and the 
plaintiff
 took nothing from her lawsuit.  She sued 
the defendant
 for return of the amounts she had paid the 
defendant
 as his fee.  Our supreme court refused to "enforce the original contract literally."  
Pocius
, 30 Ill. 2d at 84.  The court noted that it had an obligation to scrutinize the contingent fee contract: "'A contingent fee contract is always subject to the supervision of the courts as to its reasonableness.'" 
Pocius
, 30 Ill. 2d at 83, quoting 
Tonn v. Reuter
, 6 Wis. 2d 498, 504, 95 N.W.2d 261, 265 (1959).  Because enforcement of the contract as written would be "unfair to the plaintiff and *** absolutely contrary to public policy" (
Pocius
, 30 Ill. 2d at 84), the court construed the contract instead as one contingent on a recovery following all necessary appeals.  The court found that the agreement, literally interpreted, unambiguously entitled the 
defendant
 to keep the fee, but the court closely scrutinized the contract to reach a result that protected the 
defendant
's client.

The reasoning of 
Pocius
 accords with 
Rhoades
, where the court similarly explained the need to protect clients from unreasonable fee demands from attorneys following discharge:

"To require the client to pay the discharged attorney the full contract fees would make the right to discharge even without cause largely meaningless since the client's contractual financial responsibility to the discharged attorney would be unchanged."  
Rhoades
, 78 Ill. 2d at 229.

Thus, the court held in 
Rhoades
 that a discharged attorney could not seek contractual fees, and the attorney could recover in 
quantum meruit
 only on a showing that the client discharged him without cause.

Here, the agreement unambiguously provides that Keck would handle the case to its completion, but the agreement says nothing about an appeal.  The case concluded when the trial court entered a final judgment and Vasey chose not to appeal.  The client, and not his attorney, must decide whether to appeal from the trial court's judgment.  See 
People v. Griffith
, 158 Ill. 2d 476, 493 (1994); 
Herbster v. North American Co. for Life & Health Insurance
, 150 
Ill. App. 3d
 21, 29 (1986).  Nowhere in the contract did Vasey surrender his right to decide whether to appeal from the trial court's judgment.  Requiring Vasey to pay Keck hourly fees, far in excess of the contractual contingent fee, would make the right to decide whether to appeal largely meaningless.

Vasey kept Keck as his counsel through the completion of the case.  The final judgment entered against Vasey gave him cause to discharge his attorney.  Vasey did not discharge Keck without cause, and therefore Vasey does not lose the protection of his contingent fee contract.  Keck's failure to win a judgment from the trial court leaves Keck with no right to recover further fees from Vasey.

Keck contends that 
Much Shelist Freed Denenberg & Ament, P.C. v. Lison
, 297 
Ill. App. 3d
 375 (1998), requires a different result.  In that case the 
plaintiff
 agreed to represent the 
defendant
 for a contingent fee in a lawsuit against the 
defendant
's landlord.  After the trial court dismissed the initial complaint without prejudice, the 
plaintiff
 filed an amended complaint on the 
defendant
's behalf.  The 
defendant
 settled its claim and the court dismissed the lawsuit.  The 
plaintiff
 then sued for the reasonable value of its services.  The appellate court found that the 
defendant
 became liable in 
quantum meruit
 when it discharged the 
plaintiff
.  
Much Shelist
, 297 
Ill. App. 3d
 at 380.

We have some doubt that the result in 
Much Shelist
 comports with the reasoning of 
Rhoades
, because the court imposes a severe burden, far in excess of fees provided in the contingent fee contract, on the litigant's right to settle his claim.  See 
Herman v. Prudence Mutual Casualty Co.
, 41 Ill. 2d 468, 476 (1969); 
Herbster
, 150 
Ill. App. 3d
 at 28-29.  Nonetheless, 
Much Shelist
 involves circumstances distinguishable from those involved in this case.  In the underlying litigation in 
Much Shelist
, the trial court had not entered a final judgment before the 
defendant
 settled the case and discharged the 
plaintiff
.  An amended complaint remained pending at the time of the termination of the 
plaintiff
's representation.  The appellate court implicitly found that the 
defendant
 discharged the 
plaintiff
 without cause prior to the completion of the contract period of representation.  Here, the trial court had entered a final judgment against Vasey before Vasey discharged Keck.  Because the contract provided for termination at the conclusion of the case, and the contract did not purport to deprive Vasey of the right to decide whether to appeal from an adverse decision, Vasey did not discharge Keck without cause and Vasey did not violate the terms of the contingent fee contract. Even if 
Much Shelist
 accurately reflects the law, it does not require reversal here.

Vasey had cause to discharge Keck, without violating the contract, when the trial court entered a final judgment against Vasey.  Because Keck has not shown discharge without cause, it is entitled to only its contingent fee as of the termination of the litigation.  Vasey already paid all fees required by the contract.  Therefore we affirm the trial court's dismissal of Keck's claim for recovery in 
quantum meruit
.

Affirmed.

FITZGERALD-SMITH, P.J., and O'MARA FROSSARD, J., concur.