FREYER, Plaintiff and Respondent, v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION and another, Defendants: EISENBERG, Appellant.

*No. 138. Argued October 29, 1969.—Decided December 2, 1969.*
(Also reported in 172 N. W. 2d 338.)

For the appellant there was a brief by *Eisenberg, Kletzke & Eisenberg,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski.*

For the respondent the cause was submitted on the brief of *Gibbs, Roper & Fifield,* attorneys, and *John R. Hoaglund, Jr.,* of counsel, all of Milwaukee.

WILKIE, J.   A single issue is presented by this appeal. Should the trial court have recognized Attorney Eisenberg's prior claims against Freyer and ordered disbursements on these claims from the $2,750 settlement?

Sec. 256.36, Stats., provides:

"**Lien on proceeds of action to enforce cause of action.** Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, may contract with any attorney to prosecute the same and give such attorney *a lien upon such cause of action* and upon the proceeds or damages derived in any action brought for the enforcement of *such cause of action,* as security for his fees in the conduct of such litigation; when such agreement shall be made and notice thereof given to the opposite party or his attorney no settlement or adjustment of such action shall be valid as against the lien so created, provided that such agreement for fees shall be fair and reasonable, and this section shall not be construed as changing the law in respect to champertous contracts." (Emphasis added.)

On this appeal, Eisenberg contends that he and Freyer entered into an oral agreement whereby it was agreed that Eisenberg would represent Freyer in his case against Mutual for the usual one-third contingency fee, plus additional sums in payment of Eisenberg's prior services and prior claim, all paid out of any settlement made.

It is clear that sec. 256.36, Stats., gave Eisenberg a lien in *this* case (Freyer's claim against Mutual), but that in the absence of an agreement for more payment the lien extended only to one third of the recovery in *this* case and the court had no jurisdiction to order the settlement disbursed so as to cover legal fees in another case or a judgment in another case. [1]

Thus, the crucial specific question in the instant case becomes: What was the agreement between Freyer and Eisenberg respecting the latter's fees *for this particular case?*

The record on this issue is extremely meager. Admittedly, this was an oral agreement but there are vague references in the record to letters between the parties which would prove what the agreement was. These letters do not appear in the record before this court.

Eisenberg strenuously argues that the fee agreement in the instant case called for more than a one-third contingency arrangement. Yet, a strong inference to the contrary is provided by the following colloquy between Eisenberg and the court:

*"The Court:* How much money is your fee in this case? Not in any other.

*"Mr. Eisenberg:* The fee here was, —

*"The Court:* I think you wrote him a letter. I think we got a copy. I think he sent a copy of your letter. Now, one third of the fee, the total fee in the case is $916 of which sum, —

*"Mr. Eisenberg:* And 68 cents.

*"The Court:* Of which sum $360 goes to Mr. Lakes and the balance to you. The rest of the money of the $2,750 is to be made out in a check to Mr. Freyer . . . ."

This colloquy indicates that on at least one occasion Eisenberg acquiesced in a one-third fee for this case.

[1] *See generally, Goldman v. Home Mut. Ins. Co.* (1964), 22 Wis. 2d 334, 126 N. W. 2d 1; *Wurtzinger v. Jacobs* (1967), 33 Wis. 2d 703, 148 N. W. 2d 86.

Thus, on the basis of this, the trial court was correct in entering the order as it did.

Eisenberg may have valid claims against Freyer for prior legal work done on an entirely different matter, and in connection with the so-called Donohue "assignment," but the lower court could not enter an order providing for disbursement of Freyer's settlement to pay his attorney for this prior work and the Donohue claim, in the absence of a specific agreement so providing. The statutory lien is limited to the agreed-upon fees earned in the Freyer claim against Mutual. There is no other general lien on the Freyer settlement proceeds.

*By the Court.*—Order affirmed.