543 P.2d 439

The STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, the Honorable C. Kimball Rose and Herbert MOGEL, Real Party in Interest, Respondents.

No. 12307.

Supreme Court of Arizona, En Banc.

Dec. 9, 1975.

Moise E. Berger, Maricopa County Atty., by Lawrence Turoff, Deputy County Atty., Phoenix, for petitioner.

Flynn Kimerer Thinnes & Derrick by Thomas A. Thinnes, Phoenix, for respondent Mogel.

HAYS, Justice.

We accepted jurisdiction of this petition for special action to determine whether the Superior Court erred in granting defendant's motion to dismiss with prejudice.

On or about March 23, 1975, defendant was charged, along with a codefendant, Kathy DeVane, with the crime of conspir-

acy to commit murder. A preliminary hearing was scheduled for March 27, 1975. On March 26, 1975, defense counsel made a motion to continue which was granted. The preliminary hearing was rescheduled for April 10, 1975. Defense counsel made a motion for production on March 31, 1975, which was granted. The state then filed a petition for special action in the Superior Court of Maricopa County. A hearing was held on April 10, 1975, at which time an order was granted dismissing the complaint. From that dismissal, the state brought a special action in this court. On April 22, 1975, we accepted jurisdiction of the petition and continued the temporary stay granted on April 11, 1975.

The relief requested in the petition for special action was granted by this court on June 13, 1975. On July 21, 1975, we issued a mandate to the Superior Court of Maricopa County ordering the court to comply with the opinion of this Court. It appears from the record that the mandate was not acted upon by the Superior Court until August 22, 1975. At that time the Honorable C. Kimball Rose ordered the Northeast Phoenix Precinct Justice Court to continue with the preliminary hearing. The Justice Court scheduled a preliminary hearing for September 8, 1975. The hearing was rescheduled for September 18, 1975, after a denial of defendant's motion to dismiss on September 8, 1975. The state made a motion to continue the preliminary hearing from September 18, 1975 to September 25, 1975, which was granted.

Defendant was indicted on September 23, 1975. A motion to dismiss the indictment was submitted to the Superior Court on September 26, 1975, seeking a dismissal under Rule 16.5, Rules of Criminal Procedure (rev. 1975). Said motion came on for hearing on October 3, 1975, at 9:00 a. m. It was deemed submitted on the record since no reply had been filed by the state. Defendant's motion was granted with prejudice. The state did submit a reply after the hearing, but before 5:00 p. m. on October 3, 1975, and at the same time moved to

vacate the order of dismissal. The motion to vacate the order of dismissal was denied, whereupon the state, hereinafter referred to as petitioner, brought the instant petition for a special action.

█ Petitioner first argues that the court erred in ruling that defendant's motion was submitted on the record without response. We agree. Defendant's motion to dismiss the indictment is made pursuant to Rule 16.5(b), Rules of Criminal Procedure (rev. 1975). It is therefore necessary to apply all of the 1975 revisions to the Rules of Criminal Procedure in order to provide uniform application of the rules to both parties.

Rule 35.1, Rules of Criminal Procedure (rev. 1975) provides for the filing and service of a response to a motion within 5 days after service thereof. If no response is filed, Rule 35.1, Rules of Criminal Procedure (rev. 1975) further provides that the motion shall be deemed submitted on the record before the court. On September 26, 1975, defendant served the motion to dismiss on petitioner. Petitioner then had ·5 days to file and serve a response. Rule 1.3, Rules of Criminal Procedure (rev. 1975) provides that the time period is computed by excluding the day of the act or event from which the designated period of time begins, and by excluding intermediate Saturdays, Sundays and legal holidays from the computation when the period of time is more than 24 hours, but less than 7 days. We find from our application of Rule 1.3, Rules of Criminal Procedure (rev. 1975) to the 5-day period provided in Rule 35.1, Rules of Criminal Procedure (rev. 1975) that petitioner had until 5:00 p. m. on October 3, 1975, to reply to defendant's motion.

Rule 1.1, Rules of Criminal Procedure, provides that "[t]hese rules shall govern the procedure in all criminal proceedings in all courts within the State of Arizona . . . ." It was error for the Superior Court to ignore the provision for a 5-day period for a response to a motion mandated by Rule 35.1, Rules of Criminal Proce-

dure (rev. 1975). Petitioner filed a reply with the Superior Court before the end of business hours on the 5th day after service by defendant and that reply must be considered by the trial court.

■ Petitioner next argues that the trial court erred in granting defendant's motion to dismiss with prejudice. Defendant's motion under Rule 16.5(b), Rules of Criminal Procedure (rev. 1975) was based on defendant's claim that he was denied a preliminary hearing within the time periods provided by Rule 5.1, Rules of Criminal Procedure (rev. 1975). Rule 16.5(b), Rules of Criminal Procedure (rev. 1975), provides:

> "The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law."

The comments to Rule 16.5(b), Rules of Criminal Procedure (rev. 1975) state that there was no direct parallel for the rule in the former rules. The comment further states "[i]t is not intended to create any new grounds for dismissing a prosecution, but merely abolishes the 'motion to quash' of the 1956 Arizona Rules of Criminal Procedure, Rules 166–177." We find that defendant's motion under Rule 16.5(b), Rules of Criminal Procedure (rev. 1975), was based on improper grounds. *See State v. Johnson,* 80 Ariz. 45, 292 P.2d 465 (1956). It was error for the trial court to grant defendant's motion to dismiss with prejudice.

Petitioner finally argues that the trial court erred in dismissing the charges against defendant. We do not now decide the merits of a dismissal for a violation of Rule 8.2(a), Rules of Criminal Procedure, or on any other basis.

■ We instruct the trial court to consider the question of excluded periods under Rule 8.4, Rules of Criminal Procedure, and further instruct the trial court that any dismissal merited solely by a court-caused delay must be without prejudice,

provided that there is no prejudice to the constitutional rights of the accused. *State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1975). *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L. Ed.2d 101 (1972).

Remanded to the trial court with instructions, for proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.