571 P.2d 714

**The STATE of Arizona, Appellee,**

v.

**Robert A. FALK and Michael H. Shepherd, Appellants.**

**No. 1 CA–CR 2551.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 8, 1977.

**218**

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Mather & Stallings, John C. Stallings, Prescott, for appellants.

## OPINION

OGG, Judge.

The issue presented in this appeal is how the time limitations for revoking a defendant's probation which are set forth in 17 ARS Rules of Criminal Procedure, rule 27, are to be computed.

On February 3, 1976, appellants/defendants Robert A. Falk and Michael H. Shepherd were convicted of the crime of grand theft and were placed on probation for one year. On January 13, 1977, the county attorney's office filed petitions for revocation of the probations for alleged violations.

The defendants appeared in superior court on January 18, 1977, for an initial appearance on the petition of revocation and were arraigned the following day. Both defendants denied the allegations of probations violations and a hearing was set for January 26, 1977.

Two days before the revocation hearing another hearing was held on defendants' motion to dismiss for insufficient time in which to complete the procedural requirements of rule 27; the motion was denied and the revocation hearing was held over defendants' objections that it was premature. Nevertheless, on February 2, 1977, the court revoked the defendants' probations and sentenced them to terms of not less than two nor more than five years in prison.

The defendants argue in this appeal that: 1) a superior court is without jurisdiction to revoke probation if the violation hearing and the disposition hearing do not occur prior to the expiration of the probationary period even if the petition to revoke is filed prior to that time, *Keller v. Superior Court,* 22 Ariz.App. 122, 524 P.2d 956 (1974); 2) 17 ARS Rules of Criminal Procedure, rule 27.-7(b)(1) requires that a violation hearing be held "no less than 7 and no more than 20 days" after the revocation arraignment, and rule 27.7(c)(1) provides that the disposition hearing shall occur within the same time period after the violation hearing; and 3) since it was not a full seven days between the arraignment and the revocation hearing and another full seven days between the revocation and disposition hearings, the time requirements of rule 27 were not satisfied. The defendants conclude that if the time requirements had been met the revocation of probation could not have occurred until after the probationary period had expired, making a revocation improper.

The state argues that the seven day time requirement of rule 27 was met in this case. The issue which must be decided, therefore, is how the computation of time is to be made.

17 ARS Rules of Criminal Procedure, rule 1.3 [1] plainly states that in making a computation of time the day the specified period is to begin is not included but the last day of the period is—with certain exceptions—not applicable to this case. A literal interpretation of this rule was applied by the Arizona Supreme Court in *State v. Superior Court,* 112 Ariz. 451, 543 P.2d 439 (1975).

Computing the time periods in the present case as prescribed in rule 1.3, we find the seven day requirement of rule 27 has been satisfied. The violation hearing was held on January 26, exactly seven days after the defendants' revocation arraignment on January 19. The disposition hearing was held on February 2, exactly seven days after the violation hearing. We hold that the revocations of probation were proper.

DONOFRIO and SCHROEDER, JJ., concur.

---

1. In computing any period of time of more than 24 hours prescribed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included . . .