CITY OF MADISON, Plaintiff-Appellant, v. TWO CROW, Defendant-Respondent.

Court of Appeals

*No. 77–813. Submitted on briefs October 31, 1978.—
Decided February 15, 1979.*
(Also reported in 276 N.W.2d 359.)

For the plaintiff-appellant the cause was submitted on the briefs of *Henry A. Gempeler,* city attorney, and *John E. Rothschild,* assistant city attorney, of Madison.

For the defendant-respondent the cause was submitted on the brief of *Eric Schulenburg,* of *Legal Defense Project,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   November 22, 1976, at about 11 a.m., defendant was arrested by city police without a warrant in the city of Madison for malicious destruction of property, contrary to sec. 23.06 of the General Ordinances of the City of Madison.[1]  The officers made the

---

[1] The provisions of sec. 23.06 of the General Ordinances of the City of Madison are not of record on this appeal. We judicially notice the ordinance, as authorized by sec. 902.03(1), Stats. The ordinance provides,

No person shall wilfully, maliciously or wantonly deface, injure or destroy any public property or any private property of another. Any person who shall violate this section shall be subject to a forfeiture of not less than five dollars ($5) nor more than one hundred dollars ($100).

arrest on the basis of information provided by the owner of the property.

The defendant was taken to the Dane County jail where he was held overnight for failure to post $37 cash bail set pursuant to a pre-established bail schedule. He appeared in county court the morning of November 23, 1976, to answer a written complaint by a city police officer charging the defendant with violating the ordinance. Defendant stood mute. The county court entered a plea of not guilty on his behalf and set bail at $200 cash.

November 24, 1976, the circuit court for Dane County issued an order directing the county court to hold a hearing to reconsider the amount of bail. The county court held the hearing the same day, reduced bail to $100 cash and found defendant to be indigent. The county court refused to release defendant on a signature bond, expressing doubt that the defendant would appear for trial unless cash were posted. The court observed that defendant had twenty previous ordinance violations, three of which were pending, and five criminal cases pending. Defendant could not post the bail and remained in jail.

November 26, 1976, defendant moved to dismiss the complaint. He argued it would be a denial of his right to equal protection under the fourteenth amendment to the United States Constitution and art. I, sec. 2 of the Wisconsin Constitution to imprison him after conviction under a municipal ordinance solely because of his inability to pay a cash forfeiture, and it was a violation of those same rights to keep him in jail prior to conviction on the same charge because of his inability to post cash bail.

The county court held that a person may not be constitutionally arrested and detained for an ordinance violation and dismissed the complaint with prejudice.

That order was appealed by the city to the circuit court. The circuit court held that the statutes relating to arrest of ordinance violators authorize a warrantless arrest only where a statutory counterpart exists prohibiting the same conduct prohibited by the ordinance. As the conduct of Mr. Two Crow was prohibited by both an ordinance, sec. 23.06, malicious destruction of property, and a statute, sec. 943.01, Stats., criminal damage to property, the circuit court held the arrest statutorily authorized. The circuit court held, however, that the police and county court had not complied with the procedures for releasing from custody an alleged ordinance violator outlined in secs. 66.114(1), 66.12(1) and 300.03 (5), Stats. The circuit court therefore affirmed the order of the county court dismissing the complaint. The city appeals from the order of the circuit court.

The issues are:

1. Do city police have the statutory power to make a warrantless arrest for violation of a city ordinance?

2. Did the circuit court err in affirming the dismissal of the complaint because the statutes relating to release on bail were not complied with?

I

## POWER TO MAKE WARRANTLESS ARREST FOR VIOLATION OF ORDINANCE

The power to arrest must be authorized by statute. *Wagner v. Lathers*, 26 Wis. 436 (1870). Whether the city police have the power to make warrantless arrests for ordinance violations depends upon the interplay of secs. 66.12(1)(a)[2] and 968.07,[3] Stats.

___

[2] Section 66.12(1)(a), Stats., provides,

(1) COLLECTION OF FORFEITURES AND PENALTIES. (a) An action for violation of a city or village ordinance, resolution or by-

Defendant argues that his arrest is not authorized by sec. 66.12(1)(a), Stats., because that statute permits such an arrest "under s. 968.07" which covers arrest for crimes. An ordinance violation is not a crime. *State ex rel. Keefe v. Schmiege,* 251 Wis. 79, 28 N.W.2d 345 (1947). Defendant finds evidence of legislative intent to prohibit warrantless arrests for ordinance violations in

---

law is a civil action. All forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village, except as provided in ss. 345.20 to 345.53, may be collected in an action in the name of the city or village before the municipal justice, or a court of record, to be commenced by warrant or summons under s. 968.04; *but the marshal, constable or police officer may arrest the offender in all cases without warrant under s. 968.07.* The affidavit where the action is commenced by warrant may be the complaint. The affidavit or complaint shall be sufficient if it alleges that the defendant has violated an ordinance, resolution or bylaw of the city or village, specifying the same by section, chapter, title or otherwise with sufficient plainness to identify the same. The provisions of s. 300.03(5) pertaining to bail upon arrest shall apply to such actions. In arrests without a warrant or summons a statement on the records of the court of the offense charged shall stand as the complaint unless the court directs that formal complaint be issued. In all actions hereunder the defendant's plea shall be guilty, not guilty or no contest and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue, any other provision of law notwithstanding. (Emphasis supplied.)

[3] Section 968.07, Stats., provides,

(1) A law enforcement officer may arrest a person when:

(a) He has a warrant commanding that such person be arrested; or (b) He believes, on reasonable grounds, that a warrant for the person's arrest has been issued in this state; or (c) He believes, on reasonable grounds, that a felony warrant for the person's arrest has been issued in another state; or (d) There are reasonable grounds to believe that the person is committing or has committed a crime. (2) A law enforcement officer making a lawful arrest may command the aid of any person, and such person shall have the same power as that of the law enforcement officer.

the history of sec. 968.07, Stats. The predecessor to that statute, sec. 954.03(1), Stats., 1967, provided,

An arrest by a peace officer without a warrant for a misdemeanor or for the violation of an ordinance is lawful whenever the officer has reasonable grounds to believe that the person to be arrested has committed a misdemeanor or has violated an ordinance . . . .

Section 66.12(1)(a), Stats., 1967, referred to a warrantless arrest under sec. 954.03(1), Stats., 1967, quoted above. Chapter 255, Laws of 1969, repealed sec. 954.03(1), created sec. 968.07, Stats., and changed the reference in sec. 66.12(1)(a) to the new sec. 968.07.[4] Defendant contends that deletion of power to arrest for an ordinance violation in the new sec. 968.07 shows present legislative intent to prohibit such arrests.

Sections 66.12(1)(a) and 968.07(1)(d), Stats., read together, authorize city or village police to make a warrantless arrest for an ordinance violation for which a statutory counterpart exists where the arresting officer has reasonable grounds to believe that the person is committing or has committed a crime by violating the counterpart statute. Section 968.07(1)(d), when read with sec. 66.12(1)(a), does not require the officer to make the arrest for the crime rather than for the ordinance violation. Whether the circuit court erred in its reasoning that such an arrest is permissible only if a statutory counterpart to the ordinance exists need not be decided. As sec. 943.01(1), Stats. (criminal damage to property) is an approximate counterpart to sec. 23.05 of the General Ordinances of the City of Madison, the lawfulness of the arrest can be sustained on that narrow ground. The question whether secs. 66.12(1)(a) and 968.07(1)(d), read together, authorize arrest for violations of ordinances having no statutory counterpart is reserved.

---

[4] Sections 55 and 63, ch. 255, Laws of 1969.

The arresting officers had reasonable grounds to believe that Mr. Two Crow had violated sec. 943.01(1), Stats., and the arrest was lawful.

## II

## BAIL PROCEDURES

The circuit court undertook an extensive analysis of the procedure to be employed by the police and the courts in releasing alleged ordinance violators with or without bail. The court found that these procedures had not been complied with in the instant case. We agree and therefore affirm the order of the circuit court.

Release of arrested ordinance violators is governed by secs. 66.114(1),[5] 66.12(1)[6] and 300.03(5),[7] Stats.

[5] Section 66.114(1), Stats., provides,

When any person is arrested for the violation of a city or village ordinance the chief of police or police officer designated by him, marshal, municipal justice or clerk of court may accept from such person a bond, in an amount not to exceed the maximum penalty for such violation, with sufficient sureties, or his own personal bond upon depositing the amount thereof in money, for his appearance in the court having jurisdiction of such offense. A receipt shall be issued therefor.

[6] See footnote 2.

[7] Section 300.03(5), Stats., provides,

(a) A justice may release a defendant without bail or may permit him to execute an unsecured appearance bond.

(b) Paragraph (a) shall be used unless the justice determines that a release under its provisions will not reasonably assure the appearance of the defendant. If the justice determines that the defendant cannot be released under par. (a), he shall release the defendant on an appearance bond, in the amount which the justice directs, but not to exceed the maximum penalty for the offense, with or without sureties. On failure of the defendant to give an appearance bond under this paragraph, he shall be committed to jail while such default continues.

Section 66.114(1), Stats., provides that the police may accept from an arrested ordinance violator a bond with sufficient sureties in an amount no greater than the maximum penalty for the violation or the personal bond of the accused upon his depositing the amount of the bond in cash. We conclude that the choice of posting a bond or cash bail is with the defendant, not the police.

Section 66.12(1), Stats., provides that the release provisions of sec. 300.03(5), Stats., apply to actions to recover ordinance forfeitures. Section 300.03(5)(a) provides that a municipal court justice may release a defendant without bail or after the defendant executes an unsecured appearance bond. Section 300.03(5)(b) provides in effect that one of the two options of sec. 300.03(5)(a) must be employed unless the justice determines that such release will not reasonably assure a later court appearance by the defendant. If the justice determines that release under sec. 300.03(5)(a) cannot be made, sec. 300.03(5)(b) provides that the justice "shall" release the accused on an appearance bond in an amount not to exceed the maximum penalty for the offense, with or without sureties.

The circuit court read sec. 300.03(5)(a) as not authorizing the municipal justice to require cash bail. If the

(c) The amount of bail should be determined solely in reference to the purpose of bail; namely, to assure the appearance of the defendant. Proper considerations in fixing a reasonable amount of bail which will assure the defendant's appearance for trial are: The ability of the arrested person to give bail, the nature and gravity of the offense and the potential penalty the defendant faces, the defendant's prior record, if any, the character, residence and reputation of the defendant, his health, the character and strength of the evidence which has been presented to the judge, whether the defendant is already on bail in other pending cases, whether the defendant has in the past forfeited bail or was a fugitive from justice at the time of his arrest, and the policy against unnecessary detention of defendants pending trial.

justice makes a finding that release under sec. 300.03 (5) (a) is not possible, then he must release the defendant on an appearance bond, with or without sureties, under sec. 300.03 (5) (b) and the circuit court concluded that the defendant then has the implied option of posting cash bail in lieu of furnishing a bond. We agree.

If the option is with the defendant and not the court under sec. 300.03 (5) (b), Stats., to post either the required bond or the permitted cash bail, then the same option should be with the defendant under sec. 66.114 (1), Stats., and not with the police. We so construe sec. 66.114 (1).

The circuit court determined that the defendant had not been informed by the police or the county court of the defendant's option to post the statutory bond rather than obtain his release through cash bail. Available alternatives cannot be exercised unless they are known. We hold that the police must advise the defendant of the alternatives available to the defendant under sec. 66.114 (1), Stats.

The trial court dismissed the complaint with prejudice because it found that the detention of the defendant was improper. The circuit court held that the county court had the discretion to correct irregularities in the detention process by dismissing the complaint with prejudice, and that absent an abuse of that discretion, that the dismissal must be affirmed.

The defendant was improperly incarcerated from November 22, 1976 until November 26, 1976. The defendant was deprived of his liberty for almost four full days. He could not have been incarcerated for his financial inability to pay the forfeiture if he had been found guilty. *Will v. State*, 84 Wis.2d 397, 267 N.W.2d 357 (1978);

*West Allis v. State ex rel. Tochalauski,* 67 Wis.2d 26, 226 N.W.2d 424 (1975) ; *State ex rel. Pederson v. Blessinger,* 56 Wis.2d 286, 201 N.W.2d 778 (1972) ; *Tate v. Short,* 401 U.S. 395 (1971). Dismissal with prejudice was not an abuse of discretion.

We do not reach defendant's constitutional argument.

*By the Court.*—Order dismissing the complaint is affirmed.