STATE, Plaintiff-Appellant, v. BRAUNSDORF, Defendant-Respondent.†

Court of Appeals

*No. 79-095-CR. Submitted on briefs June 26, 1979.— Decided October 26, 1979.*
(Also reported in 286 N.W.2d 14.)

[15] *Sheehan v. State,* 65 Wis.2d 757, 767, 223 N.W.2d 600, 605 (1974).

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

For the respondent the cause was submitted on the brief of *Harold L. Harlowe* of Madison.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J.   The state appeals from an order dismissing with prejudice a charge of welfare fraud brought against Braunsdorf.  The court dismissed the charge because the district attorney was not ready to proceed on the day of trial.[1]  Because we conclude that Wisconsin

---

[1] The district attorney had been informed by letter on November 24, 1978 that the case was set as the number two case for jury trial on December 19, 1978. The district attorney apparently made no attempt to subpoena his witnesses or even put them on standby. On December 15, 1978, the court informed the district attorney that the case would be the first case heard on December 19. The district attorney then attempted to contact witnesses, but still did not subpoena any. On December 18, the district attorney

courts do not have the power to dismiss a criminal complaint with prejudice before jeopardy has attached unless a constitutional right has been violated, we modify the order to a dismissal without prejudice.

Powers of the court can be inherent or can be derived from the common law or from a statute. For a power to be inherent, it must be essential to the existence of the court and necessary to the orderly and efficient exercise of the court's jurisdiction. 20 AM. JUR. 2d *Courts* §78 (1965). Examples of inherent powers are the power to summon witnesses, to administer oaths, to provide counsel for the indigent, and to discipline attorneys. 20 AM. JUR. 2d, *supra*. The Court must have these powers to function. Conversely, the power to dismiss a criminal complaint with prejudice, although perhaps on occasion appropriate, cannot be said to be essential to the existence of a court. Courts have traditionally not had this power, and they have been able to function efficiently without it.[2]

called the clerk of court and informed her that there would be no jury trial and that the panel could be called off. He took this action without informing defense counsel or obtaining the permission of the trial judge. By the time the judge was informed of the action, 28 of the 32 jurors had already been notified of the cancellation.

We do note that Ethical Consideration 7–22 of the Code of Professional Responsibility requires respect for judicial rulings. It describes such respect as being essential to the proper administration of justice. The conduct of the district attorney in this case shows a total disregard for the trial judge's order scheduling this case for trial. This disregard for the needs of the court to control its own calendar for the efficient administration of justice might well be a breach of the requisite responsibility owed by an attorney to the court.

[2] We can envision situations where the power to dismiss a case with prejudice might be necessary to the efficient operation of the court. It is an important public interest that courts function efficiently. To effectuate this interest a court must have the

█ With regard to the common law, we can find no authority for the proposition that courts have the power to dismiss a criminal complaint with prejudice prior to the attachment of jeopardy. At common law, the power to dismiss criminal charges before a jury was impanelled belonged exclusively to the prosecutor. 21 AM. JUR. 2d *Criminal Law* §514 (1965); 22A C.J.S. *Criminal Law* §457 (1961).

This common law rule has, however, been modified by judicial decision in Wisconsin, by rule in the federal courts, and by statute in other jurisdictions. In *State v. Stoeckle*, 41 Wis.2d 378, 164 N.W.2d 303 (1969), the Wisconsin Supreme Court held that a case can be dismissed with prejudice in the limited circumstance of the denial of a defendant's constitutionally guaranteed right to a speedy trial. *See Barker v. Wingo*, 407 U.S. 514 (1972). Braunsdorf makes no claim that her right to a speedy trial has been denied.[3] There are no Wisconsin decisions which give a court the power to dismiss a criminal complaint with prejudice for any other reason before jeopardy has attached.[4]

---

power to control its own calendar. It is also an important public interest that accused criminals be brought to justice. Repeated conduct of the type involved in this case would require us to balance these two interests and perhaps reach a different result from the one reached here. This case, however, does not present us with such a situation.

[3] We do not determine whether Braunsdorf might be entitled to a dismissal with prejudice because of the denial of her right to a speedy trial should the district attorney decide to reprosecute.

[4] Braunsdorf cites *State v. Kenyon*, 85 Wis.2d 36, 270 N.W.2d 160 (1978) in support of her contention that a trial court can dismiss a charge with prejudice. *Kenyon* granted trial courts the right to review a prosecutor's motion to dismiss, but did not deal with the issue of dismissal with prejudice. Braunsdorf also cites a recent decision of the Wisconsin Court of Appeals, *City of Madi-*

Before the enactment of FED. R. CRIM. P. 48, federal courts did not have the power to dismiss a case with prejudice. *Ex parte Altman,* 34 F. Supp. 106 (S.D. Cal. 1940). FED. R. CRIM. P. 48, however, gave federal courts the power to dismiss cases on their own motion and to order that dismissal be with prejudice in compelling circumstances. *United States v. Towill,* 548 F.2d 1363 (1977). Many states have enacted statutes similar to Rule 48. *See, e.g.,* CAL. PENAL CODE §1385 (West) ; COLO. R. CRIM. P. 48(a) ; ME. R. CRIM. P. 48; MICH. COMP. LAWS ANN. §767.29; PA. R. CRIM. P. 315(a) ; WASH. REV. CODE ANN. §10.46.090.

Wisconsin has not enacted such a statute dealing specifically with the subject of dismissal. The Wisconsin Statutes provide, however, that defects in the proceedings prior to jeopardy should result in dismissal without prejudice. *See* secs. 968.03, 970.03, 970.01, Stats. Only one statute allows a Wisconsin court to dismiss a case with prejudice prior to the attachment of jeopardy. Section 976.05(1), Stats., the uniform agreement on detainers, provides a specific time period during which a defendant must be brought to trial to avoid dismissal with prejudice. *State v. Sykes,* No. 78–738, slip. op. (Ct. App. July 30, 1979).

Since Wisconsin has no statute granting courts the power to dismiss a criminal complaint with prejudice before jeopardy has attached, and since there is no allegation by Braunsdorf that she has been denied her constitutional right to a speedy trial, the court did not have the power to order dismissal of the criminal complaint

son v. *Two Crow,* 88 Wis.2d 156, 276 N.W.2d 359 (Ct. App. 1979). *Two Crow* was based upon an ordinance violation and not a criminal charge. Furthermore, *Two Crow* had been held in jail for 5 days when the only authorized punishment was a forfeiture. These compelling circumstances were held to warrant the extreme remedy of dismissal with prejudice.

with prejudice.[5] Other states that do not have statutes authorizing the courts to dismiss criminal complaints with prejudice have likewise followed the common law rule that dismissal is within the discretion of the prosecutor and must be without prejudice. *See State ex rel. Berger v. Superior Court,* 112 Ariz. 451, 543 P.2d 439 (1975); *United States v. Cephas,* 204 A.2d 572 (D.C. 1964); *City of Lake Charles v. Anderson,* 248 La. 787, 182 So.2d 70 (1966); *State v. Hunter,* 10 Md. App. 300, 270 A.2d 343 (1970); *City of St. Paul v. Hurd,* 299 Minn. 51, 216 N.W.2d 259 (1974); *State v. Williams,* 17 Or. App. 43, 520 P.2d 462 (1974); *State v. Dopp,* 127 Vt. 573, 255 A.2d 190 (1969).

*By the Court.*—Order modified and as modified, affirmed.

---

[5] Our conclusion is consistent with *State ex rel. Haskins v. County Court of Dodge County,* 62 Wis.2d 250, 267, 214 N.W.2d 575, 584 (1974), where the court said: "[W]e are convinced that, in the absence of a statute to the contrary, a court has no power before trial to dismiss criminal charges or enter a *nolle prosequi.*"