IN the MATTER OF ATTORNEY'S FEES IN
Gary F. KUNZ and Judy Kunz v. TWIN CITY
FIRE INSURANCE COMPANY, Planet
Insurance Company, Borvig Corporation, a
foreign corporation, Borvig Vilhar and Gerhard
Gunter Schulz:

ESTATE OF Donald F. BOYLE, Appellant,

v.

WICKHEM, BUELL, MEIER, WICKHEM &
SOUTHWORTH, S.C., Respondents. †

Court of Appeals

*No. 85–1505. Argued June 12, 1986.—Decided October 15, 1986*

(Also reported in 397 N.W.2d 124.

† Petition to review denied.

For the appellant, the cause was submitted on the briefs of *Ruetz, Lehner, Davison & Mulligan, S.C.*, with *William J. Ruetz*, of counsel, of Kenosha.

For the respondent, the cause was submitted on the brief of *Kasdorf, Lewis & Swietlik, S.C.* with *J. Ric Gass* and *Michael J. Hicks* of counsel, of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   The estate of Donald F. Boyle appeals an order dividing an escrow account between the estate and the law firm of Wickhem, Buell, Meier, Wickhem and Southworth, S.C. (Wickhem).[1] Because we conclude that the trial court lacked the requisite personal jurisdiction over the estate, we reverse.[2]

In September, 1982, Gary and Judy Kunz retained Donald Boyle to handle their claims arising out of Gary's personal injuries. Subsequently, Boyle contracted with the Wickhem law firm to assist him in pursuing the Kunzes' claims. Boyle and Wickhem agreed in writing to be equally responsible for the services and disburse-

---

[1] The parties participated in oral argument on June 12, 1986.

[2] Because of our conclusions, we do not reach the issues regarding the interpretation of the fee agreement between Boyle and Wickhem.

216

ments arising from the Kunz case and to equally split any fee resulting. Unfortunately, Boyle became seriously ill and died in April, 1983. The Kunz case proceeded to trial in August, 1984, resulting in a substantial verdict favorable to the Kunzes. A post-verdict settlement, in the form of a structured settlement, was then agreed to by the parties to the personal injury action. The trial court approved the settlement on October 30, 1984 and the resulting attorney's fees totaled over $1.6 million. The trial court reserved jurisdiction to resolve any future disputes regarding attorney's fees.[3] Because of a dispute over the division of the attorney's fees, the estate and Wickhem agreed to disburse $800,000 to Wickhem and $30,000 to the estate and to place the remaining $770,000 in an escrow account.

Wickhem then petitioned the trial court to distribute the escrowed funds, arguing that the estate was only entitled to the value of the services actually performed by Boyle or $28,000. The estate immediately objected to the trial court's personal jurisdiction. The court concluded that it had jurisdiction and adjudicated the dispute. The estate asserted that it was entitled to a fifty percent share of the fee pursuant to the agreement between Boyle and Wickhem. The trial court concluded that the contract between Boyle and Wickhem was a "personal services" contract, therefore limiting the

---

[3] We do not view this reservation of "jurisdiction" as sufficient to vest the circuit court with the requisite jurisdiction. The trial court can only reserve that jurisdiction which it has in the first place. Consequently, we do not view this express reservation of jurisdiction as the solution to the jurisdictional issues before this court without some showing of an affirmative basis for the trial court's exercise of jurisdiction.

estate's recovery to $64,000 under the theory of *quantum meruit.*

Wickhem grounds the assertion that the trial court had the requisite jurisdiction to determine this matter on sec. 102.29, Stats., the trial court's inherent authority, and the estate's waiver of any jurisdictional requirements. We address these issues *seriatim.*

Gary was injured in an employment related accident. The instant action, however, is not directed against his employer under the worker's compensation act. Rather, this proceeding is a tort action against third parties allegedly responsible for the injuries sustained. Section 102.29, Stats., provides in relevant part:

> (1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employe . . . to make claim or maintain an action in tort against any other party for such injury or death . . . . The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim . . . shall have the same right to make claim . . . against any other party for such injury or death. . . . Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending . . . .

Wickhem argues that although it is not expressly provided in sec. 102.29, the spirit of the statute allows the trial court to resolve any fee dispute arising as a result of the action against the nonemployers.

The meaning of a statute is a question of law which we will decide independent of the trial court's conclusions. *State v. Denter,* 121 Wis.2d 118, 122, 357 N.W.2d

555, 557 (1984). The primary source of construction is the language of the statute itself. *Id.* at 123, 357 N.W.2d at 557. Generally, rules of construction are used only to determine the meaning of an ambiguous statute. *State v. Tollefson,* 85 Wis.2d 162, 167, 270 N.W.2d 201, 203 (1978). A statute is ambiguous only if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis.2d 552, 561, 313 N.W.2d 47, 51–52 (1981). We conclude the statute is clear and unambiguous.

■

Wickhem argues that sec. 102.29, Stats., authorizes the trial court to adjudicate disputes between attorneys jointly representing an injured employee in a tort action. However, the statutory language simply states that the worker's compensation law does not defeat the already existing subject matter jurisdiction of circuit courts over claims asserted by injured parties against nonemployers allegedly responsible for the injury. The statute does not purport to vest circuit courts with authority, inherent or expressed, to litigate these types of fee disputes as incidental to the worker's compensation law.

Wickhem cites *Bergren v. Staples,* 263 Wis. 477, 57 N.W.2d 714 (1953), in support of the claim that sec. 102.29, Stats., authorizes the trial court action. In *Bergren,* the supreme court held that the trial court's authorization under sec. 102.29 to resolve any disputes arising between the employee's representative and the worker's compensation insurer gave it the power to order the compensation insurer to join in accepting a settlement offer which had already been accepted by the employee's representative. Wickhem's reliance on *Bergren* is misplaced because it, unlike this case, involved a

dispute between a worker's compensation carrier and an employee's representative.

Next, Wickhem argues that the trial court's inherent authority gives it the power to resolve this dispute.

> Powers of the court can be inherent or can be derived from the common law or from a statute. For a power to be inherent, it must be essential to the existence of the court and necessary to the orderly and efficient exercise of the court's jurisdiction. Examples of inherent powers are the power to summon witnesses, to administer oaths, to provide counsel for the indigent, and to discipline attorneys.

*State v. Braunsdorf*, 92 Wis.2d 849, 851, 286 N.W.2d 14, 15 (Ct. App. 1979) (citations omitted). *See also Jacobson v. Avestruz*, 81 Wis.2d 240, 247, 260 N.W.2d 267, 270 (1977).

██ The trial court's inherent power does extend to cases where there is a direct attorney-client conflict regarding the attorney's right to a portion of a judgment. *See Freyer v. Mutual Benefit Health & Accident Ass'n*, 45 Wis.2d 106, 172 N.W.2d 338 (1969). In *Freyer*, the supreme court held that an attorney's recovery under a statutory attorney's lien was limited to the fees arising from that case. There, Freyer's attorney attempted, under the attorney lien statutes, to withhold from Freyer's settlement proceeds moneys owed by Freyer to the attorney arising out of both current and earlier litigation. The court concluded that "the [trial] court had no jurisdiction to order the settlement disbursed so as to cover legal fees in another case or a judgment in another case." *Id.* at 110, 172 N.W.2d at 340–41. The implied holding of *Freyer* is that the trial court had jurisdiction to resolve fee disputes between a

client and the attorney arising out of contemporaneous litigation. Such is not the case here.

Wickhem also points out that the trial court's inherent authority to resolve attorney fee disputes applies in successor attorney situations. *See Knoll v. Klatt*, 43 Wis.2d 265, 168 N.W.2d 555 (1969) (*overruled on other grounds* by *Herro, McAndrews & Porter, S.C. v. Gerhardt*, 62 Wis.2d 199, 183–84, 214 N.W.2d 401, 403–04 (1974); *Tonn v. Reuter*, 6 Wis.2d 498, 95 N.W.2d 261 (1959)). Both *Knoll* and *Tonn* involved a dispute between the attorney originally representing the plaintiffs and a successor attorney. Both cases focused on the rights of an attorney who had been discharged without cause and the reasonableness of the attorney fee. Again, such is not the case here. Wickhem and Boyle jointly represented the Kunzes. Any "successor attorney" aspects of this case arise solely because of the untimely death of Boyle, not because of any discharge or substitution of Boyle by the Kunzes followed by Wickhem's representation.

As noted above, inherent authority contemplates powers essential or necessary to an exercise of a court's jurisdiction. *Braunsdorf*, 92 Wis.2d at 851, 286 N.W.2d at 15. Wickhem argues that the authority to adjudicate this fee dispute is essential or necessary because the trial judge who presided in the underlying tort action has acquired special insight and ability into the respective contributions of the attorneys. This argument overlooks the fact that this fee dispute arises out of a contract dispute between Wickhem and Boyle. The trial judge who presided in the underlying tort action would not necessarily possess any greater insight into the issue of contract interpretation presented here over that offered by any other court assigned to adjudicate the

matter. Nor is the interpretation of this contract by the trial court in *this case* essential to the trial court's efficient exercise of its jurisdiction. Wickhem as well as the estate have adequate forums available to them in which to litigate the question of what their contract means.

We therefore conclude that the trial court does not acquire jurisdiction pursuant to its inherent powers to resolve a fee dispute arising solely between attorneys who have jointly represented a client.

Wickhem also argues that the estate has waived any jurisdictional requirements arising in this action. We agree with Wickhem that this is an action *in rem* or *quasi in rem* because the circuit court is asked to determine the parties' respective interests in the escrow account. *See* sec. 801.07, Stats. However, the service of a summons and complaint or a notice of the object of the action is a condition precedent to the valid exercise of jurisdiction *in rem* or *quasi in rem. See* sec. 801.04(3), Stats. The lack of such jurisdiction, however, is waived if an objection is not seasonably interposed. *See* sec. 802.06(8), Stats.

We conclude that the estate properly raised its objection to Wickhem's failure to serve the required documents. At a hearing on the estate's motion to dismiss, the estate's counsel stated:

> I point out to the court that Wisconsin law has set a procedure for commencing an action and giving jurisdiction of the court, and basically that is on the filing of a summons and complaint, and by obtaining personal jurisdiction over the entity over which relief is sought by service of the summons and ultimately the complaint. That has not been done, and there is

no jurisdiction vested in the court in this dispute . . . .

In addition, we do not conclude that Wickhem's motion and petition papers are sufficient to confer jurisdiction over the estate. Motion papers cannot confer jurisdiction where a summons and complaint are required. *See In re the Incorporation of Town of Fitchburg*, 98 Wis.2d 635, 653, 299 N.W.2d 199, 207 (1980).

As in *in personam* actions, the proper service of the summons in *in rem* actions reflects the exercise of the trial court's jurisdiction. *See, e.g., Horrigan v. State Farm Ins. Co.*, 106 Wis.2d 675, 681, 317 N.W.2d 474, 477 (1982). In order to properly acquire jurisdiction over an individual in an *in personam* action or over the *res* in an *in rem* or *quasi in rem* proceeding, a summons must be served in a manner detailed by the statutes. *See Mahrle v. Engle*, 261 Wis. 485, 489–91, 53 N.W.2d 176, 178–79 (1952) (indicating that jurisdiction over the *res* in a garnishment action is acquired by proper service on the garnishee and, under an earlier statute, was lost if a garnishor failed to fulfill the requirements for service of a principal defendant).[4]

*By the Court.*—Order reversed.

---

[4] While we are well aware, as Wickhem points out, that some court will have to perform the exercise already performed by Judge Wilbershide in this case, this argument begs the jurisdictional issues raised by the estate.